**Brian Craig VALLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–97–00067–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 23, 1998.

Decided Feb. 24, 1998.

Douglas H. Pettit, Charles Portz, Houston, for Appellant.

John B. Holmes, Dist. Atty., Houston, for Appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

The appellant, Brian Craig Valle, was indicted for attempted capital murder. On November 19, 1996, he entered a plea of guilty before the court without an agreed recommendation as to punishment. At his trial, Valle signed a document acknowledging that he was admonished as to the consequences of his plea, including the full range of punishment that could be assessed against him. By a separate document, the trial judge found Valle mentally competent and found that he had entered his plea knowingly and voluntarily. Accordingly, the trial judge accepted the plea, ordered a presentence investigation (PSI), and withheld sentencing until its completion. The PSI report was filed on January 28, 1997, and on the same day the trial court entered a judgment of guilty and sentenced Valle to twenty years' confinement. Valle filed a motion for new trial on February 12, 1997. Following a hearing, the motion was denied. Valle appeals, claiming the following errors:

(1) the trial court abused its discretion in denying the motion for new trial after uncontroverted evidence was introduced at the hearing on the motion for new trial which tended to show that Valle was not guilty; Valle asserts that the verdict was contrary to the law and the evidence;

(2) the trial court, under the totality of the evidence, erred in failing to withdraw the guilty plea prior to adjudication of guilt;

(3) his plea of guilty was involuntary and he was denied the effective assistance of counsel, in violation of the Sixth Amendment of the United States Constitution;

(4) his plea of guilty was involuntary and he was denied the effective assistance of counsel in violation of Article I, § 10 of the Texas Constitution;

(5) the trial court abused its discretion and denied Valle due process and a fair trial under the Sixth Amendment of the United States Constitution by failing to withdraw his guilty plea.

### Background

According to the police report section of the PSI report, on September 29, 1995, the victim, Omar Lopez, was driving his vehicle when he was flagged down by two men. The men approached the vehicle, one on each side

of the car. One of the men pointed a pistol at Lopez, and the other man had a knife. Lopez accelerated quickly to escape. One of the assailants shot Lopez as he was escaping, striking him in the arm. Lopez drove himself to the police station and was treated by police for the gunshot wound and later transported to the hospital. Lopez told the police that he could identify the person who shot him. On October 12, 1995, a police officer took a photographic line-up of possible suspects to Lopez' residence. Lopez identified the appellant, Brian Valle, as the gunman.

During the PSI, Valle was interviewed, and he admitted that he shot Lopez. Lopez was also interviewed. He stated that he had identified Valle in the photographic line-up but had since been told by a friend that Valle was not the gunman. Lopez then named another individual as the person who shot him. Lopez asked the interviewer what would happen if he told the judge that Valle was not the man who shot him.

At the hearing on his motion for new trial, Valle asked the trial court to withdraw his guilty plea. He claimed that his attorney had led him to believe that he would receive boot camp and probation if he pled guilty. However, Valle admits his attorney did not promise he would receive those lesser punishments. Valle also claimed that he told the PSI investigator that he shot Lopez because he thought that such an admission was the only way he could receive probation. Valle now claims that he did not shoot Lopez. Valle points to Lopez' statement in the PSI report that he was not the shooter and to other witness testimony to support his claim that a new trial was necessary due to the development of exculpatory evidence after the plea. Valle claims his plea was not voluntary because he only admitted to the shooting so that he would receive boot camp and probation.

Five witnesses testified at the hearing on Valle's motion for new trial. Valle testified that his attorney told him that he should plead the case out because the district attorney had told him "the judge had been giving probation in these types of offenses in the last couple of days." He further testified that he did not commit the crime for which he was charged. He claims that, based upon his attorney's advice, he admitted to the crime and made up the statements he gave to the PSI investigator in order to match the police report. Valle asserts that he did this because his attorney said that it was the only way to get probation. Valle admitted to being admonished by the judge as to the range of punishment and also to being told by the judge that she could not promise him what she was going to do.

Valle's father also testified that he had met with his son's attorney and, based upon the conversation, thought that Valle would get probation and go to boot camp if he pled guilty. He further testified that the attorney never promised a particular outcome.

Lopez also testified at the hearing. He testified that he had misidentified Valle as the shooter. Lopez testified that an individual contacted him and told him that she was sure that Valle was not the man who shot him. Although Lopez testified that he thought that Valle was affiliated with a gang and that someone from the gang might harm him if he identified Valle, he testified that he was not threatened or intimidated into changing his story. Lopez testified that the shooter resembled Valle, but was not Valle.

The second assailant, identified as Carlos Flores, testified that he did not know the other person with whom he had attempted this crime. Flores testified that he did not know Valle and that Valle was not the person with him on the night of the crime against Lopez. Flores admitted that at the time he gave a statement to the police about the night's events he identified his partner as Brian, but did not know Brian's last name.

One of Valle's neighbors testified that she saw Valle between 11:30 and midnight on September 28 and saw him again the following morning around 8:30 or 9:00. She testified that she thought he was at home all night because she never heard him leave his home during the night.

At the conclusion of the testimony, the judge overruled the motion for new trial and stated to Valle that:

> You pled guilty to me and he told me you were pleading guilty because he was guilty

and for no other reason. It's a little bit too late to revisit. I questioned him about whether he was guilty so I'm not granting a motion for new trial on claiming that he is not guilty. He doesn't like what I gave him. He wanted probation.

Valle then brought this appeal.

### Analysis

In the first point of error, Valle contends that the trial court abused its discretion in denying the motion for new trial after uncontroverted evidence was introduced at the hearing on the motion for new trial which tended to show that he was not guilty. Valle argues that the verdict is contrary to the law and the evidence and argues that since Lopez, the complaining witness, recanted his previous testimony and identification of Valle as the shooter, the trial court abused its discretion in not granting a new trial.

The decision on a motion for new trial rests within the sound discretion of the trial court and in the absence of an abuse of discretion should not be reversed. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim. App.1993); *Grizzell v. State*, 164 Tex.Crim. 362, 298 S.W.2d 816, 821 (1956). In considering a motion for new trial, the trial court possesses broad discretion in determining the credibility of the witnesses and in weighing the evidence to determine whether a different result would occur upon retrial. *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd); *Messer v. State*, 757 S.W.2d 820, 827 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd) (opinion on reh'g). The court may consider the interest and bias of any witness and is not required to accept as true the testimony of the accused or any defense witness simply because it was uncontradicted. *Messer*, 757 S.W.2d at 828.

A voluntary guilty plea entered without a plea bargain is conclusive as to the defendant's guilt and waives all nonjurisdictional defects, including any claimed deprivation of federal due process. *Lewis v. State*, 911 S.W.2d 1, 4–5 (Tex.Crim.App.1995); *Jack v. State*, 871 S.W.2d 741, 744 (Tex.Crim.App. 1994); *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972). This point of error does not assert a jurisdictional defect and therefore is waived.

In his second point of error, Valle claims that the trial court, under the totality of the evidence, erred in failing to withdraw the guilty plea prior to adjudication of guilt.

At the time of Valle's plea, the judge had no information which might indicate Valle's innocence. Valle assured the court that he was pleading guilty because he was guilty and for no other reason. The judge accepted his plea and ordered a PSI report prepared before she assessed punishment. The only evidence available to suggest a withdrawal of the plea at the time Valle was adjudged guilty was Lopez' identification in the PSI of another individual as the gunman and his question to the PSI interviewer of what would happen if he told the judge that Valle was not the person who shot him. However, the PSI report also contained Valle's own admission of guilt.

On a plea of guilty before the court, the trial court must look to the totality of the circumstances to determine whether there is sufficient evidence to require a withdrawal of the plea. *Gates v. State*, 543 S.W.2d 360, 361–62 (Tex.Crim.App.1976); *Hernandez v. State*, 827 S.W.2d 54, 56 (Tex.App.—Houston [1st Dist.] 1992, no pet.). Even if an issue of guilt is fairly and reasonably raised, it is left to the discretion of the trial court whether to *sua sponte* withdraw the plea currently before the court. *Sullivan v. State*, 573 S.W.2d 1, 4 (Tex.Crim.App.1978) (opinion on reh'g); *Moon v. State*, 572 S.W.2d 681, 682 (Tex.Crim.App.1978) (opinion on reh'g); *Graves v. State*, 803 S.W.2d 342, 346 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd).

Valle argues that, based upon the evidence presented in the PSI, the trial court, although not required to withdraw the guilty plea, should have ignored the plea, evaluated the testimony, and granted a new trial. Valle never requested that his plea of guilty be withdrawn prior to the adjudication of guilt on January 28, 1997. The decision to withdraw the plea was a discretionary one left to the trial court. The trial court was not required to withdraw the plea, but was

merely required to take into account the evidence that raised the issue of innocence in determining whether there was sufficient evidence to substantiate the plea. *Moon*, 572 S.W.2d at 682. Valle does not argue to this Court that the trial court failed to weigh the evidence appropriately. We presume the trial court found the evidence sufficient to support the plea. The trial court did not abuse its discretion in refusing to withdraw the guilty plea. This point of error is overruled.

In his third and fourth points of error, Valle argues that his plea of guilty was involuntary and he was denied the effective assistance of counsel as required under both the United States and Texas Constitutions. Because the points raise similar issues, the two will be addressed together. Valle contends that his trial counsel led him to believe that he would go to boot camp and receive probation for this offense if he pled guilty. A guilty plea may be accepted by the trial court only when the defendant is competent and the plea is free and voluntary. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon 1989). A defendant may always challenge the voluntariness of the plea on appeal. *Flowers v. State*, 935 S.W.2d 131, 134 (Tex. Crim.App.1996). However, an attestation of voluntariness at the plea hearing creates a heavy burden for the appellant to show involuntariness at a subsequent hearing. *Thornton v. State*, 734 S.W.2d 112, 113 (Tex.App.— Houston [1st Dist.] 1987, pet. ref'd). In the present case, Valle waived the right to have a court reporter record his plea. This Court has no record other than the statement signed by the trial judge that Valle's plea was voluntary.[1]

In attacking a guilty plea on the ground of ineffective assistance of counsel, the essential requirement is a showing that the plea of guilty was unknowingly and involuntarily made. *Ex parte Adams*, 707 S.W.2d

646, 648 (Tex.Crim.App.1986) (orig.proceeding). The constitutional validity of a guilty plea made upon the advice of counsel depends on whether counsel's performance was reasonably competent, rendering a defendant effective representation during the particular proceedings. *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex.Crim.App.1991). If a defendant pleads guilty based upon erroneous advice of counsel, the plea is not made voluntarily. *Id.*

In evaluating a claim of ineffective assistance of counsel arising out of the plea process, we must apply the *Strickland* test. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203, 209 (1985); *Hernandez v. State*, 726 S.W.2d 53, 56 (Tex.Crim. App.1986). The test requires that the defendant demonstrate that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674, 693, 697–98 (1984). These two prongs must be established by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App.1985). Furthermore, we must indulge in a strong presumption that the counsel's conduct was reasonable. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

At the hearing on the motion for new trial, Valle admitted that although his attorney did not promise him he would get probation, probation and boot camp was all that his attorney seemed to discuss with him and his father. When asked if it was "explained to [him] that the judge could give [him] any range of sentence between probation and the maximum," Valle admitted that

---

1. The trial judge signed Valle's plea and attested to the following:

 This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of this case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I

ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that the defendant's attorney is competent and has effectively represented the defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment.

his attorney did make such statements, "but he never talked about no time or nothing."

Valle further contends that his attorney told him of a conversation with a district attorney where the district attorney told Valle's counsel that "he ought to go ahead and plead the case out because the judge had been giving probation in these types of offenses in the last couple of days." Valle claims that this exchange induced him to plead guilty to the offense. Valle also explains that he confessed to the PSI investigator because his attorney told him that a confession was the only way to get probation. Valle testified that he would not have pled guilty had he not been under the understanding that he would receive boot camp and probation.

Valle was also questioned about his remembrance of standing before the judge and being told the range of punishment. Valle did remember the event, and although he also remembered the judge telling him she could not promise what she was going to do, Valle claims that he still pled guilty relying on his impression that he would get probation and boot camp as his attorney had discussed.

Based upon the totality of the circumstances, we cannot conclude that trial counsel's representation was ineffective. Valle was informed by both his attorney and the judge as to the possible range of punishment. His attorney did not promise that he would receive probation. Although the attorney may have emphasized the possibility of boot camp and probation during discussions with Valle, he did not guarantee a particular outcome. Trial counsel's actions fall within the range of reasonable professional assistance. Although Valle claims he would not have pled guilty had he not thought that he would get probation, he was fully informed of the potential punishment and has not demonstrated that the outcome would have been different but for his counsel's advice. Based upon the evidence presented, Valle failed to demonstrate that his plea of guilty was unknowingly or involuntarily made.

 Valle also contends that his counsel was ineffective because his attorney failed to investigate and interview the witnesses prior

to advising Valle to enter a guilty plea. The Court of Criminal Appeals recently discussed the attorney's duty to investigate:

> As we observed in *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Cr.App.1980) (Plurality opinion), "counsel is charged with making an *independent* investigation of the facts of the case[.]" Ordinarily counsel should not blindly rely on the veracity either of his client's version of the facts or witness statements in the State's file. *Id.* But this duty to investigate, at least since *Strickland* was decided, is not categorical. Rather, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. Such a decision not to investigate "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* In any event, we will not reverse a conviction unless the consequence of the failure to investigate "is that the only viable defense available to the accused is not advanced[,]" *Ex parte Duffy*, supra, at 517, and "there is a reasonable probability that, but for counsel's [failure to advance the defense], the result of the proceeding would have been different." *Strickland*, supra, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

*McFarland v. State*, 928 S.W.2d 482, 501 (Tex.Crim.App.1996). Further, counsel need not undertake the same magnitude of independent factual investigation when the defendant knowingly and voluntarily pleads guilty to the alleged offense as would be required in a contested proceeding. *Toupal v. State*, 926 S.W.2d 606, 608 (Tex.App.—Texarkana 1996, no pet.).

 Allegations of ineffective assistance of counsel will only be sustained if they are firmly founded in the record. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994); *Faz v. State*, 510 S.W.2d 922, 926 (Tex.Crim.App.1974). The record establishes that Valle's attorney talked to some of the witnesses, but not all of them. Valle also contends that his attorney never talked to

any alibi witnesses who could verify where Valle was at the time of the shooting.

We must again apply the two prongs of the *Strickland* test. Valle does not point to any evidence in the record that establishes his counsel's decision fell below an objective standard of reasonableness. Valle never called his attorney to ask him why he conducted a limited investigation or why he did not speak with any alibi witnesses. We presume that Valle's counsel gathered enough information from the witnesses with whom he spoke to make a reasonable judgment that further investigation was unnecessary.

And as for the second requirement of *Strickland*, Valle has also failed to show that, but for counsel's failure to investigate, the results of the proceedings would have been different. In the motion for new trial, the trial judge heard all the witnesses, including alibi witnesses, that Valle chose to present, and refused to grant the motion. This is a strong indication that, even had the trial counsel investigated to the extent Valle argues that he should have, the results would not have been any different. We find nothing in the record which we believe boosts Valle above the strong presumption as set out in *Strickland*. These points of error are overruled.

■ In his fifth point of error, Valle complains that the trial court abused its discretion and denied Valle due process and a fair trial under the Sixth Amendment of the United States Constitution by failing to withdraw his guilty plea. As stated earlier, a voluntary guilty plea entered without a plea bargain is conclusive as to the defendant's guilt and waives all nonjurisdictional defects, including any claimed deprivation of federal due process. *Lewis v. State*, 911 S.W.2d 1, 4–5 (Tex.Crim.App.1995); *Jack v. State*, 871 S.W.2d at 744; *Helms v. State*, 484 S.W.2d at 927. This point of error is waived.

The judgment of the trial court is affirmed.