Michael Coronado v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-188-CR

     MICHAEL CORONADO,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 187th District Court
Bexar County, Texas
Trial Court # 97-CR-1638-A
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Michael Coronado pleaded guilty to the offense of murder, without the benefit of a plea
recommendation from the State, and the court assessed his punishment at imprisonment for
life. See Tex. Pen. Code Ann. § 19.02(b)(1) (Vernon 1994). Coronado argues in two points
that: (1) the court abused its discretion by refusing to allow him to withdraw his guilty plea
because it was involuntary due to coercion; and (2) his guilty plea was involuntary because it
was based on inaccurate information.
BACKGROUND
      The court provided Coronado a document entitled “Court’s Admonishment and
Defendant’s Waivers and Affidavit of Admonitions.” This form contains the admonishments
then required by article 26.13(a) of the Code of Criminal Procedure. See Act of May 27,
1985, 69th Leg., R.S., ch. 685, § 8(a), 1985 Tex. Gen. Laws 2472, 2473 (amended 1999);
Act of May 24, 1985, 69th Leg., R.S., ch. 671, § 1, 1985 Tex. Gen. Laws 2443, 2444
(amended 1985) (current version at Tex. Code Crim. Proc. Ann. 26.13(a) (Vernon Supp.
2000)).


 Coronado signed the document, attesting that he understood the admonishments. 
Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon 1989). By signing this document,
Coronado also waived formal arraignment, the reading of the indictment, and his right to trial
by jury. Before receiving Coronado’s plea, the court orally reviewed with Coronado each of
the admonishments required by article 26.13 and each of the rights he was waiving. Coronado
stated affirmatively that he understood each of the admonishments and rights and was waiving
them freely, voluntarily and without coercion.
      The indictment alleges that Coronado committed capital murder by killing two persons
during the same criminal transaction. Coronado pleaded guilty to the lesser-included offense
of murder, admitting only that he had murdered one of the alleged victims. The court accepted
his plea and found him guilty. The parties informed the court that there was no punishment
recommendation. The court again reminded Coronado of the range of punishment attached to
the offense (i.e., 5 to 99 years or life). Coronado reaffirmed that he understood the
punishment range. The court indicated that it would order a presentence investigation (“PSI”)
and adjourned the proceedings.
      Nine days later, the court called Coronado’s case for the punishment hearing. First
however, the court heard a motion Coronado had filed requesting permission to withdraw his
guilty plea. Coronado testified that he persisted in claiming his innocence during his interview
by the community supervision officer conducting the PSI, that his three children and he had
been threatened if he cooperated with the State, and that his common-law wife pressured him
to plead guilty because of these threats. He asked the court to permit him to withdraw his
plea. The court denied the motion and, after hearing argument of counsel, sentenced
Coronado to imprisonment for life.
      Three weeks after sentencing, Coronado filed a second motion to withdraw his plea. In
this motion, he alleges trial counsel “werent [sic] fair and honest with [him], and failed to
provide him with any documents for his plea of guilty and didi [sic] not warn him of the
dangers of his plea bargin [sic]” and that counsel had “assured” him when he entered his plea
“that he would not be given any time over 40 yrs.”
WITHDRAWAL OF PLEA
      Coronado contends in his first point that the court abused its discretion by denying his first
motion to withdraw his plea. The State urges us to apply the rationale of Moon v. State, in
which the Court of Criminal Appeals held that a trial court has no duty to sua sponte withdraw
a guilty plea made to the court without a jury when the evidence raises an issue concerning the
innocence of the defendant. 572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (op. on reh’g). 
The State replies in the alternative that the court acted within its discretion by denying
Coronado’s request to withdraw his guilty plea.
Applicable Law
      For decades, the Court of Criminal Appeals held that a trial court had an affirmative duty
to sua sponte withdraw a guilty plea entered before the court or a jury when the evidence
raised a question concerning the innocence of the defendant. See, e.g., Woodberry v. State,
547 S.W.2d 629, 630-31 (Tex. Crim. App. 1977) (plea to jury); Sanchez v. State, 543 S.W.2d
132, 133-34 (Tex. Crim. App. 1976) (plea to court); Burks v. State, 145 Tex. Crim. 15, 22,
165 S.W.2d 460, 464 (1942) (court); Harris v. State, 76 Tex. Crim. 126, 131, 172 S.W. 975,
977 (1915) (jury). 
      In Moon, the Court held that this requirement no longer applies to pleas before the court. 
Moon, 572 S.W.2d at 682. The Court stated:
There now seems to be no valid reason for the court to withdraw the guilty plea and
enter a plea of not guilty for the defendant when the defendant enters a plea of guilty
before the court after waiving a jury. It is the duty of the trial court to consider the
evidence submitted and as the trier of the facts the court may find the appellant guilty
of a lesser offense and assess the appropriate punishment or it may find the defendant
not guilty. It would serve no purpose to withdraw the plea of guilty and enter a not
guilty plea. Those cases in which this Court has reached a different result are
overruled to the extent they conflict with the opinion in this case.

Id.
      The rule of Moon appears to remain in force. See, e.g., Beasley v. State, 634 S.W.2d
320, 321 n.1 (Tex. Crim. App. [Panel Op.] 1982); Solis v. State, 945 S.W.2d 300, 302-03
(Tex. App.—Houston [1st Dist.] 1997, pet. ref’d); Hinkle v. State, 934 S.W.2d 146, 148-49
(Tex. App.—San Antonio 1996, pet. ref’d); Graves v. State, 803 S.W.2d 342, 346 (Tex.
App.—Houston [14th Dist.] 1990, pet. ref’d). However, Moon applies only to a trial court’s
duty to sua sponte withdraw a guilty plea. See Moon, 572 S.W.2d at 682 (discussing trial
court’s duty to withdraw plea “on its own motion”). It does not apply in cases where the
defendant files and presents a motion to withdraw his plea. See Gottson v. State, 940 S.W.2d
181, 186-87 (Tex. App.—San Antonio 1996, pet. ref’d); see also Payne v. State, 790 S.W.2d
649, 652 (Tex. Crim. App. 1990); but cf. Hernandez v. State, 885 S.W.2d 597, 602 (Tex.
App.—El Paso 1994, no pet.); Hayden v. State, 818 S.W.2d 194, 197 (Tex. App.—Corpus
Christi 1991, no pet.) (latter two decisions both applying Moon to denial of defendant’s motion
to withdraw plea). In addition, Moon does not apply when a defendant challenges the
voluntariness of his plea. See Owens v. State, 836 S.W.2d 341, 344 (Tex. App.—Fort Worth
1992, no pet.) (per curiam).
      Generally, an accused may withdraw his plea at any time before judgment is pronounced
or his case is taken under advisement by the court. Jackson v. State, 590 S.W.2d 514, 515
(Tex. Crim. App. [Panel Op.] 1979); Watson v. State, 974 S.W.2d 763, 765 (Tex. App.—San
Antonio 1998, pet. ref’d). Once the case has been taken under advisement for a PSI however,
the decision to allow withdrawal of the plea rests in the court’s sound discretion. Id. Abuse of
that discretion is shown only when “the trial court’s ruling lies outside the ‘zone of reasonable
disagreement.’” Watson, 974 S.W.2d at 765 (quoting Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1991) (op. on reh’g)).
      Settled case law requires that an accused’s guilty plea be made voluntarily. Brady v.
United States, 397 U.S. 742, 753, 90 S. Ct. 1463, 1471, 25 L. Ed. 2d 747 (1970); Flowers v.
State, 935 S.W.2d 131, 133 (Tex. Crim. App. 1996); Valle v. State, 963 S.W.2d 904, 909
(Tex. App.—Texarkana 1998, pet. ref’d); see also Tex. Code Crim. Proc. Ann. art.
26.13(b) (Vernon 1989). A plea coerced by threat or force is involuntary. See Brady, 397
U.S. at 755, 90 S. Ct. at 1472; Ex parte Williams, 704 S.W.2d 773, 781 (Tex. Crim. App.
1986).
      When considering the voluntariness of a guilty plea, we must examine the entire record. 
Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). A defendant
who attests during the initial plea hearing that his plea is voluntary bears a “heavy burden” to
prove in a subsequent hearing that he entered the plea involuntarily. Cantu v. State, 988
S.W.2d 481, 484 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d); Valle, 963 S.W.2d at
909; Anderson v. State, 930 S.W.2d 179, 182 (Tex. App.—Fort Worth 1996, pet. ref’d);
Jones v. State, 855 S.W.2d 82, 84 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d).
Analysis
      In his initial plea hearing, Coronado signed the court’s admonishment form in which he
attested that he had “not been threatened, coerced or placed in fear by any person to induce
[him] to enter [his] plea.” His trial counsel signed the document indicating his belief that
Coronado was entering his plea “voluntarily.” Coronado and his counsel also signed a
separate waiver form by which he “knowingly and voluntarily” waived his right to cross-examine the witnesses against him and stipulated that the State’s evidence “is true and
correct.”
      Upon receiving Coronado’s plea papers, the court orally reviewed with Coronado each of
the admonitions required by article 26.13 of the Code of Criminal Procedure and each of the
rights he was waiving. The court asked him, “Has anyone forced you to give up any of these
rights?” Coronado replied, “No, sir.” Moments later, the following colloquy occurred:
      THE COURT:    Has anyone forced you to plead guilty?
 
      CORONADO:    No, sir.
 
      THE COURT:    You’re doing this of your own free will?
 
      CORONADO:    Yes, sir.
 
      THE COURT:    Then I’m going to find his plea is voluntarily made.

The State then offered its evidence, and the court found Coronado guilty, then ordered the PSI.
      At the hearing on Coronado’s first motion to withdraw his plea, Coronado testified that he
had persisted in claiming his innocence, that his family and he had been threatened not to
cooperate with the State, and that his wife had pressured him to plead guilty because of these
threats. On cross-examination, Coronado conceded that he is a previously-convicted felon.
      The court denied Coronado’s motion. During summations before pronouncement of
sentence, Coronado’s counsel again reminded the court of Coronado’s assertion of innocence. 
According to counsel, Coronado had “throughout the entire process, since I’ve been on the
case, [ ] maintained his innocence.” Counsel also questioned the veracity of the State’s
witnesses and asked the court to consider a forty-year sentence, which counsel stated the State
had offered in initial plea negotiations.
      The court was the sole judge of the credibility of Coronado’s testimony and could accept
or reject all of it or any part of it. Flanagan v. State, 675 S.W.2d 734, 746 (Tex. Crim. App.
1984) (op. on reh’g); Sawyer v. State, 778 S.W.2d 541, 544 (Tex. App.—Corpus Christi
1989, pet. ref’d). Considering Coronado’s status as a convicted felon and his failure to offer
any evidence to corroborate his allegations of coercion, we cannot say the court abused its
discretion in denying the motion to withdraw his plea. See Jackson, 590 S.W.2d at 515;
Watson, 974 S.W.2d at 765; Sawyer, 778 S.W.2d at 544. Accordingly, we overrule
Coronado’s first point.
SECOND MOTION TO WITHDRAW GUILTY PLEA
      Coronado avers in his second point that his plea was involuntary because he pleaded guilty
based on his trial counsel’s assurance that his sentence would not exceed forty years. 
Coronado made this argument for the first time at the trial court level in the second motion to
withdraw his plea. However, Coronado never presented this motion to the trial court for
review.
      To properly preserve a complaint for appellate review, Rule of Appellate Procedure
33.1(a)(1) requires that the complaint be first “made to the trial court by a timely request,
objection, or motion.” Tex. R. App. P. 33.1(a)(1); Gonzalez v. State, 994 S.W.2d 369, 372-73 (Tex. App.—Waco 1999, no pet.). If a motion for new trial is the vehicle by which a party
presents his complaint to the trial court, the party must “present” the motion to the court. 
Tex. R. App. P. 21.6; Gonzalez, 994 S.W.2d at 373. This requirement is satisfied when the
movant “actually deliver[s] the motion for new trial to the trial court or otherwise bring[s] the
motion to the attention or actual notice of the trial court.” Carranza v. State, 960 S.W.2d 76,
79 (Tex. Crim. App. 1998).
      A motion to withdraw a guilty plea is the equivalent of a motion for new trial. See State
v. Evans, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992); Due Vu v. State, 985 S.W.2d 613,
614 n.1 (Tex. App.—Fort Worth 1999, no pet.) (per curiam); Dusenberry v. State, 915
S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d). Thus, we conclude that
the presentment requirement of Rule 21.6 applies equally to a motion to withdraw a guilty
plea.
      Coronado never presented the second motion to withdraw his guilty plea to the trial court. 
Thus, he did not preserve the issues raised therein for appellate review. See Gonzalez, 994
S.W.2d at 373-74; Gonzales v. State, 963 S.W.2d 844, 846-47 (Tex. App.—San Antonio
1998, no pet.). Accordingly, we overrule his second point.
      We affirm the judgment.
 
                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis
            Justice Vance and
            Justice Gray
            (Justice Vance dissenting)
Affirmed
Opinion delivered and filed July 26, 2000
Publish