NUMBER 13-01-765-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 



GILBERT CARRIZALES, Appellant,



v.





THE STATE OF TEXAS , Appellee.

 
On appeal from the 214th District Court 

of Nueces County, Texas.



 
O P I N I O N 



 Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Valdez



 Following a jury trial, appellant, Gilbert Carrizales, was found guilty of aggravated sexual assault of a child and indecency
with a child and was sentenced to thirty-five years of imprisonment. Appellant filed a motion for new trial alleging that he
received ineffective assistance of counsel. The trial court denied the motion without holding a hearing. 

 On appeal, in his sole point of error, appellant contended the trial court erred by failing to hold a hearing on his motion for
new trial. We agreed. See Martinez v. State, 74 S.W.3d 19, 21-22 (Tex. Crim. App. 2002) (when an accused presents a
motion for new trial raising matters not determinable from the record, the trial court abuses its discretion in failing to hold a
hearing); see also King v. State, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000) (motion for new trial must be supported by
affidavit showing the "truth of the grounds for attack"). Therefore, we abated the appeal and remanded the cause to the trial
court for a hearing on appellant's motion for new trial. The trial court held the requisite hearing on September 30, 2002,
and considered testimony from appellant, trial counsel, and a witness for appellant. The trial court denied appellant's
motion for new trial. The parties have not filed any supplemental briefing following the trial court's order. 

 We conclude that the trial court did not abuse its discretion in denying appellant's motion for new trial, and, accordingly,
affirm the judgment of the trial court.

Standard of Review



 Whether to grant or deny a motion for new trial is a decision within the sound discretion of the trial court. State v.
Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). Accordingly, we review an order denying a motion for new trial
under an abuse of discretion standard. State v. Gill, 967 S.W.2d 540, 542 (Tex. App.-Austin 1998, pet. ref'd). A trial court
abuses its discretion if its decision is arbitrary or unreasonable. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

Ineffective Assistance of Counsel



 Strickland v. Washington, 466 U.S. 668 (1984), sets forth the proper standard of review for effectiveness of counsel. See
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999). Strickland requires a two-part inquiry. The defendant must first show that counsel's performance was
deficient, i.e., that counsel's assistance fell below an objective standard of reasonableness. Thompson, 9 S.W.3d at 812.
Second, the defendant must further prove that there is a reasonable probability that, but for counsel's deficient performance,
the result of the proceeding would have been different. Id. A reasonable probability is a probability sufficient to
undermine confidence in the outcome. Id. 

 The determination regarding whether a defendant received effective assistance of counsel must be made according to the
facts of each case. Id. An appellate court looks to the totality of the representation and the particular circumstances of the
case in evaluating the effectiveness of counsel. Id.

 The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. Id. at 813.
There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.
Gutierrez v. State, 8 S.W.3d 739, 749 (Tex. App.-Austin 1999, no pet.). To defeat the presumption of reasonable
professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)
(per curiam). 

 The fact that another attorney might have pursued a different course of action or tried the case differently will not support a
finding of ineffective assistance. Jimenez v. State, 804 S.W.2d 334, 338 (Tex. App.-San Antonio 1991, pet. ref'd). Any
error in trial strategy will be deemed inadequate representation only if trial counsel's actions lack any plausible basis.
Howland v. State, 966 S.W.2d 98, 104 (Tex. App.-Houston [1st Dist.] 1998), aff'd, 990 S.W.2d 274 (Tex. Crim. App. 1999).

 

Analysis



 At the hearing on the motion for new trial, appellant complained that his trial counsel was ineffective in several respects.
Appellant testified that he received ineffective assistance of counsel because counsel failed to discuss his case with him;
failed to notify him regarding a court appearance, which resulted in appellant's incarceration for failure to appear; failed to
properly investigate his case; failed to contact and interview two potential witnesses; and failed to note an error in one of
the penitentiary packets introduced at sentencing regarding appellant's prior convictions. 

 Trial counsel provided lengthy and detailed testimony regarding each instance of alleged ineffectiveness. Trial counsel
testified that he spoke with appellant on numerous occasions and performed all investigation that he deemed necessary to
prepare appellant's case. He testified that he did not feel that the case required expert witnesses or a professional
investigator. Trial counsel testified, and the trial court noted, that counsel filed various motions for discovery which had
been granted by the trial court.

 According to counsel, appellant identified only one potential witness who might offer favorable testimony, and appellant
told him "it was like somebody he'd play pool with, and he would be able to testify that somehow because he'd played pool
all the time, he didn't have access to the child" that he allegedly assaulted. Counsel concluded that this testimony would not
be helpful and might in fact prove harmful to appellant. Counsel testified that appellant offered testimony at trial regarding
friction with his ex-wife, as a potential motive for fabrication of the charges against appellant, but counsel denied that any
identified potential witness was able to offer similar testimony. 

 John Gaona, appellant's brother-in law, testified that he was willing to appear at trial, but trial counsel did not contact him
until the day of trial, and he was unable to leave work to testify. He testified that he knew "what had happened" between
appellant and his former wife, but did not offer further testimony regarding the relevance of "what had happened" or
whether it could have had any effect on the outcome of the trial. 

 With regard to the missed court appearance, counsel testified that he attempted to contact appellant regarding the
appearance, but appellant's phone had been disconnected, and appellant failed to furnish counsel with a current address or
telephone number. Counsel filed a writ to obtain appellant's release on bond, appeared at the hearing, and obtained
appellant's release on bond. 

 Appellant further contends that counsel was ineffective for failing to note an error in one of the "pen" packets introduced at
sentencing. However, any potential error in the admission of the penitentiary packets regarding appellant's other
convictions was rendered harmless when appellant pleaded true to the prior convictions. See Motilla v. State, 78 S.W.3d
352, 355 (Tex. Crim. App. 2002) (substantial rights are not affected by the erroneous admission of evidence if, after
examining the record as a whole, we have fair assurance that the error did not influence the jury, or had only a slight affect
on the jury).

 In the instant case, the district court was presented with conflicting testimony regarding the claims of ineffective assistance
of counsel. A trial court enjoys broad discretion to consider the credibility of the witnesses at a hearing on a motion for
new trial, and may consider the interests and bias of any witness. See Valle v. State, 963 S.W.2d 904, 908 (Tex.
App.-Texarkana 1998, pet. ref'd); Dusenberry v. State, 915 S.W.2d 947, 949 (Tex. App.-Houston [1st Dist.] 1996, pet.
ref'd). 

 In this respect, we note that appellant himself presented inconsistent testimony regarding his meetings with counsel. In an
attempt to substantiate his claim that counsel failed to discuss his case with him, appellant testified that he met with him on
only two occasions. Later, with regard to his allegations that he had repeatedly identified potential witnesses to counsel,
appellant testified that he had discussed the potential witness testimony with counsel on at least four occasions. Further,
appellant's testimony regarding counsel's filings in the trial court was in several instances directly contradicted by the
documents contained in the court's file. 

 We conclude that the trial court acted within its discretion in considering the conflicting testimony and the interests and
biases of the witnesses. See Valle, 963 S.W.2d at 908.

Conclusion 



 Appellant failed to meet his burden to show that he received ineffective assistance of counsel. He has not shown that
counsel's performance was deficient, i.e., that his assistance fell below an objective standard of reasonableness, Thompson,
9 S.W.3d at 812, or that there is a reasonable probability that, but for counsel's deficient performance, the result of the
proceeding would have been different. See id. Accordingly, we affirm the trial court's judgment. 


 

Rogelio Valdez 



Do not publish.

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 19th day of June,2003.