COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 MANUEL
 DELGADO, JR.,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00314-CR
  
 Appeal from the
  
 Criminal District Court No. 2
  
 of Dallas County, Texas
  
 (TC#F-9702196-TI)
 
 




 

MEMORANDUM
OPINION

Manuel Delgado, Jr. entered an open
plea of guilty to aggravated sexual assault of a child, and was sentenced to
twenty-five years in prison.  In his sole
issue on appeal, Delgado claims that his plea was involuntary because he was
under the false impression that the trial court would place him on deferred
adjudication probation.  Finding nothing
in the record to support this claim, we affirm.

Factual and
Procedural Background








Before accepting Delgado=s guilty plea, the trial court
admonished him in writing of the range of punishment for the offense.  Delgado and his attorney signed the written
admonishment form and Delgado acknowledged that he was aware of the consequences
of his plea.  At the plea hearing, the
trial court asked Delgado if he understood the range of punishment, and Delgado
answered that he did.  He also stated
that he was entering his plea freely and voluntarily.  Delgado testified that he was pleading guilty
because he was guilty and for no other reason. 
He further testified that he had never been convicted of a felony.  Defense counsel asked Delgado whether he
understood that the ACourt may or may not give you probation.@ 
Delgado answered, AYes, sir.@ 
When asked by the prosecutor whether anyone made him any promises in
return for his guilty plea, Delgado answered, ANo, ma=am.@

The trial court accepted the plea,
but did not make a finding of guilt. 
Instead, the court passed the case for a pre-sentence investigation and
set a date for further adjudication, if any, and sentencing.  Nearly six years passed before the sentencing
hearing.[1]

At the sentencing hearing, Delgado
presented witnesses who attested to his good behavior in the intervening six
years.  He also presented the testimony
of his mother and the victim=s mother, who both asked that Delgado not be sent to
prison.  Delgado testified as to his
willingness and ability to comply with the terms of probation.








Discussion

In considering the voluntariness of a guilty plea, we examine the record as a
whole.  Martinez v.
State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998).  A defendant who attests at
the plea hearing that his plea is knowing and voluntary
bears a heavy burden to prove that he did not understand the nature and
consequences of his plea.  Valle v. State, 963 S.W.2d 904, 909 (Tex. App.--Texarkana
1998, pet. ref=d).

Delgado has not satisfied his burden
of proving that he did not understand the nature and consequences of his
plea.  He testified at the plea hearing
that he understood that the trial court may or may not grant him probation, and
his witnesses at the sentencing hearing seemed to recognize that he may or may
not receive probation.  Delgado did not
testify at the sentencing hearing that he thought he was going to receive
deferred adjudication probation.

In short, there is nothing in the
record to support Delgado=s claim that he pleaded guilty under the false impression
that he would be placed on deferred adjudication probation.  Therefore, we overrule his sole issue and
affirm the judgment of the trial court.

SUSAN
LARSEN, Justice

April 29, 2004

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)











[1]At
the commencement of the sentencing hearing on May 9, 2003, the trial judge
noted, AThe defendant entered the first half of an open plea on July
23rd of 1997, and a bond was held insufficient. 
The warrant was misplaced or something at some point.  I know that I issued another original capias in January, and the defendant has been in custody in
lieu of bond ever since, and we=re
here today for sentencing.@