IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00345-CR

 

Malcolm Bernard Crook,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 283rd District Court

Dallas County, Texas

Trial Court # F03-71956-HT

 



MEMORANDUM 
Opinion



 

      Appellant
appeals his conviction for burglary of a habitation.  Appellant’s counsel filed an Anders brief.  See
Anders v. California, 386 U.S. 738 (1967). 
We will affirm.

       The
brief reviews: (1) the effect of Appellant’s guilty plea and plea of true
to the enhancement paragraph, (2) the indictment, (3) objections at
trial, (4) the trial court’s admonitions, (5) Appellant’s competency,
(6) the sentence, and (7) assistance of trial counsel.  Counsel states: “After a full review of the
record, counsel on appeal is of the opinion that the appeal in this cause is
frivolous and without merit and that there are no arguable issues which may be
presented.”  Although counsel informed
Appellant of the right to file a brief, Appellant did not file one.  The State has tendered a letter that states,
“The State has examined the record and agrees with appellant’s counsel that the
appeal of these cases [sic] is frivolous and without merit for the reason that
no reversible error appears in the record.”

       We
must, “after a full examination of all the proceedings, . . . decide
whether the case is wholly frivolous.”  Anders at 744; accord Stafford v.
State, 813 S.W.2d 503, 509-11
(Tex. Crim. App. 1991); Coronado v.
State, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), disp. on merits, 25 S.W.3d 806 (Tex.
App.—Waco 2000, pet. ref’d).  An appeal
is “wholly frivolous” or “without merit” when it “lacks any basis in law or
fact.”  McCoy v. Court of Appeals, 486 U.S. 429, 439 n.10 (1988).  Arguments are frivolous when they “cannot
conceivably persuade the court.”  Id. at 436 
An appeal is not wholly frivolous when it is based on “arguable
grounds.”  Stafford at 511. 

       We
determine that the appeal is wholly frivolous. 
Accordingly, we affirm.  Counsel
must advise Appellant of our decision and of his right to file a petition for
discretionary review.  See Sowels v. State, 45 S.W.3d 690, 694
(Tex. App.—Waco 2001, no pet.).

TOM
GRAY

Chief
Justice

Before
Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Affirmed

Opinion
delivered and filed January 5, 2005

Do
not publish

[CR25]








 






on is shown only when “the trial court’s ruling lies outside the ‘zone of reasonable
disagreement.’” Watson, 974 S.W.2d at 765 (quoting Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1991) (op. on reh’g)).
      Settled case law requires that an accused’s guilty plea be made voluntarily. Brady v.
United States, 397 U.S. 742, 753, 90 S. Ct. 1463, 1471, 25 L. Ed. 2d 747 (1970); Flowers v.
State, 935 S.W.2d 131, 133 (Tex. Crim. App. 1996); Valle v. State, 963 S.W.2d 904, 909
(Tex. App.—Texarkana 1998, pet. ref’d); see also Tex. Code Crim. Proc. Ann. art.
26.13(b) (Vernon 1989). A plea coerced by threat or force is involuntary. See Brady, 397
U.S. at 755, 90 S. Ct. at 1472; Ex parte Williams, 704 S.W.2d 773, 781 (Tex. Crim. App.
1986).
      When considering the voluntariness of a guilty plea, we must examine the entire record. 
Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). A defendant
who attests during the initial plea hearing that his plea is voluntary bears a “heavy burden” to
prove in a subsequent hearing that he entered the plea involuntarily. Cantu v. State, 988
S.W.2d 481, 484 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d); Valle, 963 S.W.2d at
909; Anderson v. State, 930 S.W.2d 179, 182 (Tex. App.—Fort Worth 1996, pet. ref’d);
Jones v. State, 855 S.W.2d 82, 84 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d).
Analysis
      In his initial plea hearing, Coronado signed the court’s admonishment form in which he
attested that he had “not been threatened, coerced or placed in fear by any person to induce
[him] to enter [his] plea.” His trial counsel signed the document indicating his belief that
Coronado was entering his plea “voluntarily.” Coronado and his counsel also signed a
separate waiver form by which he “knowingly and voluntarily” waived his right to cross-examine the witnesses against him and stipulated that the State’s evidence “is true and
correct.”
      Upon receiving Coronado’s plea papers, the court orally reviewed with Coronado each of
the admonitions required by article 26.13 of the Code of Criminal Procedure and each of the
rights he was waiving. The court asked him, “Has anyone forced you to give up any of these
rights?” Coronado replied, “No, sir.” Moments later, the following colloquy occurred:
      THE COURT:    Has anyone forced you to plead guilty?
 
      CORONADO:    No, sir.
 
      THE COURT:    You’re doing this of your own free will?
 
      CORONADO:    Yes, sir.
 
      THE COURT:    Then I’m going to find his plea is voluntarily made.

The State then offered its evidence, and the court found Coronado guilty, then ordered the PSI.
      At the hearing on Coronado’s first motion to withdraw his plea, Coronado testified that he
had persisted in claiming his innocence, that his family and he had been threatened not to
cooperate with the State, and that his wife had pressured him to plead guilty because of these
threats. On cross-examination, Coronado conceded that he is a previously-convicted felon.
      The court denied Coronado’s motion. During summations before pronouncement of
sentence, Coronado’s counsel again reminded the court of Coronado’s assertion of innocence. 
According to counsel, Coronado had “throughout the entire process, since I’ve been on the
case, [ ] maintained his innocence.” Counsel also questioned the veracity of the State’s
witnesses and asked the court to consider a forty-year sentence, which counsel stated the State
had offered in initial plea negotiations.
      The court was the sole judge of the credibility of Coronado’s testimony and could accept
or reject all of it or any part of it. Flanagan v. State, 675 S.W.2d 734, 746 (Tex. Crim. App.
1984) (op. on reh’g); Sawyer v. State, 778 S.W.2d 541, 544 (Tex. App.—Corpus Christi
1989, pet. ref’d). Considering Coronado’s status as a convicted felon and his failure to offer
any evidence to corroborate his allegations of coercion, we cannot say the court abused its
discretion in denying the motion to withdraw his plea. See Jackson, 590 S.W.2d at 515;
Watson, 974 S.W.2d at 765; Sawyer, 778 S.W.2d at 544. Accordingly, we overrule
Coronado’s first point.
SECOND MOTION TO WITHDRAW GUILTY PLEA
      Coronado avers in his second point that his plea was involuntary because he pleaded guilty
based on his trial counsel’s assurance that his sentence would not exceed forty years. 
Coronado made this argument for the first time at the trial court level in the second motion to
withdraw his plea. However, Coronado never presented this motion to the trial court for
review.
      To properly preserve a complaint for appellate review, Rule of Appellate Procedure
33.1(a)(1) requires that the complaint be first “made to the trial court by a timely request,
objection, or motion.” Tex. R. App. P. 33.1(a)(1); Gonzalez v. State, 994 S.W.2d 369, 372-73 (Tex. App.—Waco 1999, no pet.). If a motion for new trial is the vehicle by which a party
presents his complaint to the trial court, the party must “present” the motion to the court. 
Tex. R. App. P. 21.6; Gonzalez, 994 S.W.2d at 373. This requirement is satisfied when the
movant “actually deliver[s] the motion for new trial to the trial court or otherwise bring[s] the
motion to the attention or actual notice of the trial court.” Carranza v. State, 960 S.W.2d 76,
79 (Tex. Crim. App. 1998).
      A motion to withdraw a guilty plea is the equivalent of a motion for new trial. See State
v. Evans, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992); Due Vu v. State, 985 S.W.2d 613,
614 n.1 (Tex. App.—Fort Worth 1999, no pet.) (per curiam); Dusenberry v. State, 915
S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d). Thus, we conclude that
the presentment requirement of Rule 21.6 applies equally to a motion to withdraw a guilty
plea.
      Coronado never presented the second motion to withdraw his guilty plea to the trial court. 
Thus, he did not preserve the issues raised therein for appellate review. See Gonzalez, 994
S.W.2d at 373-74; Gonzales v. State, 963 S.W.2d 844, 846-47 (Tex. App.—San Antonio
1998, no pet.). Accordingly, we overrule his second point.
      We affirm the judgment.
 
                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis
            Justice Vance and
            Justice Gray
            (Justice Vance dissenting)
Affirmed
Opinion delivered and filed July 26, 2000
Publish