NUMBER 13-98-589-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


________________________________________________________________________


AARON CASTILLO
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

________________________________________________________________________


On appeal from the 105th District Court


of Nueces County, Texas.


________________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and Yañez


Opinion by Chief Justice Seerden




 This is an appeal from an order adjudicating guilt and revoking
probation. By two issues, Aaron Castillo, appellant, contends that his
original plea of guilty was involuntary and that he did not receive
effective assistance of counsel at his punishment hearing.

 Appellant was charged with delivery of cocaine in 1993. On July
19, 1993, appellant pleaded guilty pursuant to a plea agreement. He
was placed on deferred adjudication for a period of five years. The State
filed its fourth motion to revoke appellant's probation on May 8, 1998. 
On October 22, 1998, after appellant plead true to the allegations in the
State's motion, the court adjudicated appellant guilty, revoked his
community supervision, and sentenced him to twelve years
confinement in the penitentiary. 

 By his first issue, appellant contends that his original plea of guilty
was involuntary because he was not advised that he would have no
right to appeal any adjudication of guilt. A defendant placed on
deferred adjudication community supervision may raise issues relating
to the original plea proceeding only in appeals taken when deferred
adjudication community supervision is first imposed. Manuel v. State,
994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Because appellant's
complaint relates to his original plea proceeding, he is barred from
raising it in this appeal. We overrule appellant's first issue.

 By his second issue, appellant contends that he received
ineffective assistance of counsel at his punishment hearing after being
adjudicated guilty. A defendant may challenge occurrences after
adjudication, such as at the punishment hearing. See Tex. Code Crim.
Proc. Ann. art. 42.12, §5 (b) (Vernon 2000). However, this court must
have jurisdiction to consider such contentions. Here, appellant filed
only a general notice of appeal. When a defendant files only a general
notice of appeal he may only challenge the voluntariness of his plea. 
See Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996);
Moore v. State, 4 S.W.3d 269, 272 (Tex. App.--Houston [14th Dist.]
1999, no pet.). A complaint regarding the effectiveness of counsel at
the punishment hearing does not necessarily implicate the
voluntariness of appellant's plea. See Lowe v. State, 997 S.W.2d 670,
672 (Tex. App.--Dallas 1999, no pet.)(only the voluntariness of a
defendant's guilty plea could be appealed and not complaints regarding
counsel's effectiveness where appellant did not comply with Rule 25.2
(b)(3)). Appellant's notice of appeal does not comply with Rule 25.2
(b)(3); we lack jurisdiction to consider appellant's second issue. 

 The judgment of the trial court is AFFIRMED.



 _______________________________________

 ROBERT J. SEERDEN, Chief
Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 17th day of August, 2000.