OTIS STAFFORD V. THE STATE.

No. 9853.   Delivered February 10, 1926.

**Possession of Still—Plea of Guilty—Induced by Promise—Not Valid.**

Where in his motion for a new trial it is shown that appellant's plea of guilty was induced by a promise of the district attorney that he would recommend a suspended sentence, and if the jury failed to suspend the sentence, appellant would be granted a new trial, such facts fail to show a valid plea of guilty, but on the contrary, they show a conviction obtained in a manner not sanctioned by law.   Following Harris v. State, 17 Tex. Crim. App. 559 and other cases cited.

Appeal from the District Court of Cherokee County.   Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for possession of a still, penalty one year in the penitentiary.

The opinion states the case.

*Guinn & Guinn* of Rusk, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is possession of a still.   The punishment is one year in the penitentiary.

The evidence on motion for new trial is certainly overwhelming if not undisputed, that the district attorney agreed with counsel for defendant that he would recommend a suspended sentence, and in the event the jury failed to suspend the sentence, then appellant would be given a new trial.   Induced by this promise, appellant entered a plea of guilty.   The jury gave him one year and refused to suspend sentence.   Appellant contends that his plea of guilty was induced by persuasion contrary to the statute.   His contention must be sustained.   The facts above stated fail to show a valid plea of guilty, but on the contrary they show a conviction obtained in a manner not sanctioned by law.   Farris v. State, 17 Tex. Crim. App. 559; Saun-

ders v. State, 10 Tex. Crim. App. 336; Wallace v. State, 10 Tex. Crim. App. 407; Frosh v. State, 11 Tex. Crim. App. 280.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.