James Lyman JACOBS, Appellant,

v.

The STATE of Texas, Appellee
(two cases).

Nos. 46769, 46770.

Court of Criminal Appeals of Texas.

May 1, 1973.

Kenneth L. Sanders, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, L. H. Stewart, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

These are appeals from convictions for robbery by assault and felony theft. Trials were before the court on pleas of guilty. Punishment was assessed at ten years in each cause.

Appellant waived his right to trial by jury and entered into written stipulations of evidence wherein he waived the appearance, confrontation and cross-examination of witnesses and consented to the introduction of testimony by affidavits, written statements and other documents. Appellant's written judicial confessions appear in both cases.

Appellant's sole contention is that his pleas of guilty were coerced.

Appellant urges that he entered pleas of guilty because of a former conviction in which his punishment was assessed at life, "to clear the records, and to prevent a possible consecutive sentence."

In Gaither v. State, Tex.Cr.App., 479 S.W.2d 50, this Court cited Schnautz v. Beto, 5 Cir., 416 F.2d 214, wherein it was said:

"All pleas of guilty are the result of some pressures or influences on the mind of the defendant . . . .. This is a good time, too, to reiterate the principle that a plea is not rendered involuntary solely because it was induced as a result of a plea bargaining situation . . . .. The crucial issue is whether, under all the facts and circumstances, the plea was truly voluntary. The plea must be a genuine one by a defendant who under-

stands the situation, his rights, and the consequences of his plea and is neither deceived nor coerced."

The records reflect that appellant was duly admonished concerning the consequences of his pleas, and that he knowingly and intelligently entered such pleas. Consequently, appellant may not now be heard to complain of his decision.

The judgments are affirmed.

Opinion approved by the Court.