Jose DAVILA, Appellant,

v.

The STATE of Texas, Appellee.

No. 47109.

Court of Criminal Appeals of Texas.

July 3, 1973.

John J. Pichinson, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., and John Potter, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment, upon a plea of guilty to a jury, forty (40) years.

Ground of error number one contends that the court did not properly admonish appellant prior to accepting his plea of guilty. Article 26.13, Vernon's Ann. C.C.P.

After the court properly admonished as to the range of punishment, the following colloquy occurred between the Court and the appellant:

"Q. Are you influenced in your plea of guilty by any consideration of fear?

"A. No, sir.

"Q. Has anyone held out to you a hope that the governor will give you a pardon if you plead guilty?

"A. No, sir.

* * * * * *

"Q. Are you influenced in your plea of guilty by any consideration of fear?

"A. No, sir.

"Q. Are you influenced or have you been persuaded to plead guilty out of any delusive hope of a pardon from the governor of the State of Texas?

"A. No."

The above, we conclude constitutes adequate admonition under our recent cases of Espinosa v. State, Tex.Cr.App., 493 S.W.2d 172, and Mitchell v. State, Tex.Cr. App., 493 S.W.2d 174. Cf. Heathcock v. State, Tex.Cr.App., 494 S.W.2d 570, Martinez v. State, Tex.Cr.App., 494 S.W.2d 545.

Ground of error number two is that it was not shown that appellant understandably and voluntarily plead guilty in order to satisfy the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. We conclude, as we did in Mitchell, supra, that this record, taken as a whole, reflects that the plea was understandably and voluntarily made. See also Reyna v. State, Tex.Cr.App., 478 S.W. 2d 481.

The judgment of the trial court is affirmed.