**Adam J. WADE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48432.**

Court of Criminal Appeals of Texas.

May 8, 1974.

Frank Altgelt Adams (On appeal only), Beaumont, for appellant.

Tom Hanna, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a felony conviction for passing a worthless check wherein the punishment was assessed by the court at three (3) years' confinement in the Texas Department of Corrections.

In his sole ground of error appellant contends the trial judge erred in not making further inquiry into his reasons for pleading guilty before the jury when during the admonishment he twice stated he hoped for "a parole."

The trial court carefully and exhaustively inquired into appellant's understanding of the charges against him, determined appellant's age and other background information, determined that appellant was pleading guilty because he was guilty, advised him of the range of punishment (consequences of his plea), and determined after lengthy inquiry that he was not prompted to plead guilty because of fear, persuasion, "illusory hope of pardon," coercion, force, promise, etc.

Appellant relies upon the following portion of the record to support his contention:

"THE COURT: Do you contend that you are entering this plea out of fear, persuasion or illusory hope of pardon? Do you contend any of those things?

"DEFENDANT: I hope for a parole.

"THE COURT: Well, nobody has told you you will get a parole?

"DEFENDANT: No, sir.

"THE COURT: You hope you will get one?

"DEFENDANT: Yes, sir.

"THE COURT: Adam, I can understand how you feel, but I want to be sure nobody has promised you, in fact, you will get a parole?

"DEFENDANT: No, sir.

"THE COURT: Counsel, are you satisfied that defendant's plea is utterly and completely uninfluenced by fear, persuasion or any promise or hope of pardon or parole?

"MR. ROEBUCK (Defense Counsel): Yes, Your Honor."

The foregoing clearly shows that the court did make further inquiry after appellant's remarks and did determine that no one had promised the appellant parole and made further inquiry of defense counsel with regard to the same. We find no

merit to appellant's contention. It is only natural for an individual pleading guilty to a felony to hope that in the future he will be paroled, but where such hope is not based on any promise and is not a delusive hope of pardon, then the guilty plea is not rendered involuntary. Cf. Kirven v. State, 492 S.W.2d 468 (Tex.Cr.App.1973); Williams v. State, 487 S.W.2d 363 (Tex.Cr.App.1972).

Further, we cannot agree that, under the circumstances, the court should have sua sponte withdrawn the guilty plea. See Lewellen v. State, 485 S.W.2d 787 (Tex.Cr.App.1972); Luna v. State, 436 S.W.2d 910 (Tex.Cr.App.1969).

The judgment is affirmed.