Cleveland FLOWERS, Appellant,

v.

The STATE of Texas.

No. 1431–95.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 30, 1996.

Robert A. McGlohon, Jr., Paul J. Goeke, San Antonio, for appellant.

Edward F. Shaughnessy, III, Assist. District Attorney, San Antonio, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

As a result of a plea bargain, appellant pled "no contest" to the charge of indecency with a child and the State abandoned a charge of aggravated sexual assault. Additionally, the plea agreement provided that punishment would be assessed at confinement for three years and a fine of $1,000.00, the State would remain silent on appellant's application for deferred adjudication and would recommend that the court grant probation. The trial court accepted the plea, sentenced appellant in accord with the plea agreement, and required that appellant serve 180 days in jail as a condition of probation.

Appellant filed a notice of appeal that did not comply with Tex.R.App.Pro. 40(b)(1).[1]

---

1. Appellant's notice of appeal stated:

NOW COMES CLEVELAND FLOWERS, de-

In the Court of Appeals appellant argued that his plea was involuntary because the trial court did not admonish him properly about the conditions of probation and because his trial counsel specifically informed him he would not receive jail time.

The Court of Appeals dismissed the appeal for lack of jurisdiction after deciding that appellant's notice of appeal did not comply with Rule 40(b)(1) and the issue of the voluntariness of appellant's plea was not a jurisdictional issue so as to exempt appellant from the requirements of Rule 40(b)(1). *Flowers v. State*, No. 04–94–00577–CR, 1995 WL 570579 (San Antonio, delivered September 29, 1995). We granted appellant's petition for discretionary review to address his contention that Rule 40(b)(1) does not bar an appeal predicated on an involuntary plea.

Prior to 1977, Article 44.02, V.A.C.C.P., as enacted in 1965, and its predecessor, Article 813, C.C.P.1925, granted a defendant a broad right to appeal regardless of his plea.[2] In the late sixties and early seventies this right was judicially limited in guilty plea cases by establishment of the "Helms rule." *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App.1972); see also *Hoskins v. State*, 425 S.W.2d 825 (Tex.Cr.App.1968)(opinion on rehearing). The *Helms* rule provides that when a guilty plea is voluntarily and understandingly made, all nonjurisdictional defects that occurred prior to the entry of the guilty plea, including claimed deprivation of federal due process,

are waived. *Helms*, 484 S.W.2d at 927; *Soto v. State*, 456 S.W.2d 389 (Tex.Cr.App.1970); *Fierro v. State*, 437 S.W.2d 833 (Tex.Cr.App. 1969).[3]

In 1977 the Legislature amended Art. 44.02 by adding a proviso to the general right to appeal which said:

> provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

This Court interpreted that proviso as a limited abrogation of the *Helms* rule in plea bargain cases because it permitted appeal of specified matters that previously could not be appealed. See *Lemmons*, 818 S.W.2d at 61; *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr. App.1978).

Effective September 1, 1986, this Court replaced the proviso with Rule 40(b)(1), based on the assumption " 'that the body of case law construing the proviso [to Article 44.02] would prevail and still control.' *Lemmons*, 818 S.W.2d at 62." *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Cr.App.1994). In addition, we explained that the appellate rules

fendant, within ninety (90) days of sentencing and within fifteen days of his motion for new trial having been overruled by operation of law, files this Notice of Appeal to the Fourth Court of Appeals of the conviction in Cause No. 93–CR–0836.

Defendant acknowledges that this is an appeal from an attempted plea bargain agreement but alleges that his plea was involuntary and that the trial court did not follow the plea bargain agreement as understood by Defendant.

Rule 40(b)(1) states in relevant part:

Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo

contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

2. Article 44.02 provided:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed.

3. For a more detailed history of the development of the *Helms* rule, see *Lemmons v. State*, 818 S.W.2d 58 (Tex.Cr.App.1991), and *Dees v. State*, 676 S.W.2d 403, 405–408 (Tex.Cr.App.1984)(Clinton, J., dissenting).

could not abridge, enlarge, or modify the substantive rights of a litigant. See V.T.C.A. Gov't Code, § 22.108(a); *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Cr.App.1994); *Davis,* 870 S.W.2d at 46. Therefore, we must look to cases involving Art. 44.02 in our analysis of whether voluntariness may be raised and addressed to ensure that we maintain and retain the same substantive rights to appeal under rule 40(b)(1).

█ After the enactment of the proviso, two categories of appeal existed for defendants who pled guilty or nolo contendere. First, in open or non-negotiated pleas the *Helms* rule applied, limiting appeals to jurisdictional matters. The *Helms* rule is predicated on a guilty plea that is voluntarily and understandingly made. Thus, by its very terms the *Helms* rule does not apply to bar appeal in open plea cases in which a defendant claims the plea was involuntary. This is reflected in the many years of decisions from this Court addressing the voluntariness of guilty pleas before and after establishment of the *Helms* rule. See *Richards v. State,* 562 S.W.2d 456 (Tex.Cr.App.1978); *Wade v. State,* 508 S.W.2d 851 (Tex.Cr.App.1974); *Davila v. State,* 496 S.W.2d 629 (Tex.Cr.App. 1973); *Prudhomme v. State,* 495 S.W.2d 941 (Tex.Cr.App.1973); *Jacobs v. State,* 493 S.W.2d 792 (Tex.Cr.App.1973); *Vasquez v. State,* 477 S.W.2d 629 (Tex.Cr.App.1972); *Patterson v. State,* 244 S.W.2d 217, 156 Tex. Crim. 489 (1951); *May v. State,* 209 S.W.2d 606, 151 Tex.Cr.R. 534 (1948); *Stafford v. State,* 280 S.W. 218, 103 Tex.Cr.R. 144 (1926); *Scott v. State,* 15 S.W. 814, 29 Tex.Ct.App. 217 (1890); *Harris v. State,* 17 Tex.Ct.App. 559 (1885); *Saunders v. State,* 10 Tex.Ct. App. 336 (1881); see also *Harrelson v. State,* 692 S.W.2d 659 (Tex.Cr.App.1985); *Christal v. State,* 692 S.W.2d 656 (Tex.Cr.App.1981). *Kilpper v. State,* 491 S.W.2d 117 (Tex.Cr. App.1973).

Second, in plea bargained cases under Art. 44.02, appeals were permitted for jurisdictional issues, matters raised pre-trial by written motion, and issues the trial court permitted to be raised. *Lyon,* 872 S.W.2d at 736; *Davis,* 870 S.W.2d at 46. The language of the proviso to Art. 44.02 did not expressly include the right to raise jurisdictional issues.

But, this Court has interpreted it to retain that aspect of the *Helms* rule's limited right to appeal. Similarly, neither the proviso nor rule 40(b)(1) expressly mention the voluntary nature of the plea as a predicate to application of the proviso or rule, as does the *Helms* rule. However, in plea bargain cases applying the proviso, this Court's practice has been to address the voluntariness issue. This demonstrates that voluntariness was at least an implied predicate under the proviso, consistent with prior case law, and as such is not barred from appeal under rule 40(b)(1).

A little history concerning the appealability of the voluntary nature of pleas of guilty or nolo contendere will illuminate our decision. For well over one hundred years this State has statutorily required that a guilty plea be freely and voluntarily entered. See *Saunders,* 10 Tex.App. at 336; Article 518, C.C.P.(1879); Article 26.13, V.A.C.C.P. To insure that requirement defendants have long been permitted to appeal and claim their guilty pleas were not voluntary or that the record did not show the plea was voluntary. *Fuentes v. State,* 688 S.W.2d 542 (Tex. Cr.App.1985); *Mooney v. State,* 615 S.W.2d 776 (Tex.Cr.App.1981); *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr.App.1981); *Richards,* 562 S.W.2d 456; *Wade,* 508 S.W.2d 851; *Davila,* 496 S.W.2d 629; *Prudhomme,* 495 S.W.2d 941; *Jacobs,* 493 S.W.2d 792; *Vasquez,* 477 S.W.2d 629; *Patterson,* 244 S.W.2d 217, 156 Tex.Crim. 489; *May,* 209 S.W.2d 606, 151 Tex.Crim. 534; *Stafford,* 280 S.W. 218, 103 Tex.Crim. 144; *Scott,* 15 S.W. 814, 29 Tex.App. 217; *Harris,* 17 Tex.App. 559; *Saunders,* 10 Tex.App. 336. This appellate right to raise voluntariness has not changed despite the modifications in appealing pleas of guilty or nolo contendere. Three cases demonstrate this conclusion.

In *Wooten,* 612 S.W.2d 561, this Court addressed a claim of an involuntary plea brought after a defendant had pled guilty in accord with a plea agreement so that the proviso to Art. 44.02 applied. The defendant pled guilty with the understanding he could appeal a pre-trial issue in accord with Art. 44.02. However, that issue was not appealable. This Court held that the trial court was not authorized to receive the plea under

these circumstances. Thus, the plea was not knowing and voluntary. In similar circumstances in *Mooney*, 615 S.W.2d 776, this Court relied on *Wooten* to hold that the defendant's guilty plea made in accord with the proviso to Art. 44.02, was involuntary.

In *Fuentes*, 688 S.W.2d 542, the defendant pled guilty in accord with a plea agreement and appealed in accord with Art. 44.02. This Court addressed his claim that his guilty plea was involuntary because of incorrect admonishment about the punishment range.

■ *Fuentes, Mooney,* and *Wooten* are plea bargain cases appealed under the provisions of Art. 44.02. In *Wooten* and *Fuentes,* the defendant challenged the voluntary nature of his guilty plea and this Court addressed that issue. In *Mooney* this Court addressed the issue despite the defendant's failure to raise it. While this Court did not expressly discuss the appealability of a claim of an involuntary plea, in each case we addressed the merits of the voluntariness issue after noting that Art. 44.02 applied to the case. Perhaps this practice was based on the unspoken assumption that a plea under Art. 44.02 had to be knowing or voluntary, similar to the predicate requirement to the *Helms* rule, because that had always been a requisite to any guilty plea. In this State a defendant has always been able to appeal his conviction based on a plea of guilty or nolo contendere claiming that it was not freely and voluntarily entered. The *Helms* rule by its terms did not apply to this issue to prevent appeal. This Court's application of Article 44.02 did not bar such an appeal in negotiated plea cases. Thus, appeals in plea bargained cases which are governed by Rule 40(b)(1) may likewise challenge the voluntary nature of the plea. See V.T.C.A. Gov't Code, § 22.108(a).

■ In light of *Fuentes, Mooney,* and *Wooten,* we conclude that a defendant's sub-

stantive right to appeal under the proviso to Art. 44.02 included the right to raise a complaint on appeal that a negotiated plea was unknowing or involuntary. Neither Rule 40(b)(1) nor this Court's interpretation of that rule may modify, enlarge, or abridge that right. V.T.C.A. Gov't Code, § 22.108(a).

■ Appellant pled guilty in accord with a plea agreement. Therefore, the issues he could appeal are governed by his compliance with Rule 40(b)(1). Since he did not comply with Rule 40(b)(1) he could not raise the issues permitted by that Rule. However, he could raise jurisdictional issues and, as we have discussed, he could raise the issue of whether his plea was voluntary. Accordingly, appellant is entitled to have the issue of the voluntary nature of his plea addressed by the Court of Appeals because its appealability is not dependant on following Rule 40(b)(1) requirements.[4] The Court of Appeals' judgment dismissing this case for lack of jurisdiction is vacated and the case is remanded to that court for proceedings consistent with this opinion.

---

4. In concluding we note that Appellant also argued that the voluntary nature of his plea was a jurisdictional issue so as to exempt it from compliance with Rule 40(b)(1) notice requirements. We disagree. Generally, "jurisdiction is the power of the court over the 'subject matter' of the case, conveyed by statute or constitutional provision, coupled with 'personal' jurisdiction over the accused ..." *Fairfield v. State,* 610

S.W.2d 771 (Tex.Cr.App.1981); see also *Lyon,* 872 S.W.2d at 736. Even if a guilty plea or a plea of nolo contendere is involuntary because of a misunderstanding of the plea agreement, the trial court still has power over the criminal matter and the defendant. It is error by the trial court to accept an involuntary plea, but this does not affect the court's power over the case itself or the defendant.