NUMBERS 13-99-250-CR & 13-99-251-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


KELVIN NATHANIEL NEELY
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 248th District Court


of Harris County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Kennedy(1)

Opinion by Justice Kennedy




 These appeals are combined into one brief by both appellant and
the state. Appellant first pleaded guilty to aggravated assault. The trial
court deferred adjudication of his guilt and placed him under community
supervision for five years. Subsequently, he was indicted under a
separate cause number for aggravated sexual assault of a child.(2)
 The
state moved to adjudicate his guilt in the original case based upon his
commission of the sexual assault and also on the violation of four terms
of his community supervision.

 Appellant initially pleaded "not guilty" to the sexual assault and
asked for a jury trial, however, he pleaded "true" to the remaining
allegations in the motion to adjudicate. While the jury was deliberating
his guilt for the sexual assault case, the trial court heard evidence on
the motion to adjudicate, adjudicated appellant's guilt for the
aggravated assault, and assessed his punishment at confinement for
twenty years. Later, and while the jury was still deliberating, appellant
changed his plea in the sexual assault case to nolo contendere. Based
upon a plea bargain, he was found guilty by the court and his
punishment was again assessed at confinement for twenty years to run
concurrently with the punishment imposed in the aggravated assault
case.

 Appellant filed a notice of appeal in both cause numbers. The trial
judge granted permission to appeal the original plea of guilty to
aggravated assault. She denied permission to appeal the hearing on the
motion to adjudicate the aggravated assault. She also denied
permission to appeal the negotiated plea (nolo contendere) and
sentence in the sexual assault case.

 Appellant's brief does not break down his argument into precise
issues. In his table of contents, following his preliminary statement, is
the following presentation, stated verbatim:

 I. STANDARD OF REVIEW


 When may appellant's appeal a plea of not guilty or
nolo contendere?


 II. APPLICATION


 How does the standard of review apply to appellant's
three (3) pleas in the case at bar?


 III. STEPHENSON AND INVOLUNTARY PLEAS


 When can appellant's misunderstanding of his rights
render a plea involuntary?


 IV. ISSA - A "JURISDICTIONAL DEFECT"?


 Can a failure to explicitly follow statutory procedure be
an appealable "jurisdictional defect"?


 Appellant had the trial court's permission to appeal his plea of
guilty in the aggravated assault case. Having said that we are now at
a loss to understand the basis for such an appeal. Appellant presents
us with no record to show that the plea was not voluntary.(3)
 The clerk's
record in the aggravated assault case is before us and contains the
usual "waiver of constitutional rights, agreement to stipulate, and
judicial confession" all signed by appellant and his attorney and
approved by the court. We have no reason to believe that appellant's
plea was not voluntary or that he misunderstood his right to appeal.

 The trial court denied permission to appeal the revocation of
community supervision in the aggravated assault case. There is no
appeal from this determination by the trial court by virtue of article 
42.12 § 5(b) of the Code of Criminal Procedure. Tex. Code. Crim. Proc.
Ann. art. 42.12 § 5 (b) (Vernon Supp. 2000).

 Appellant appears to suggest that because his second hearing on
the motion to revoke in the aggravated assault case was held
simultaneously with the trial of his sexual assault case, and, because
his plea to the motion to adjudicate was "true" to all the allegations
therein except the commission of the new violation (sexual assault), his
change of his plea in the sexual assault case(4)
 to nolo contendere did not
impact his refusal to plead "true" to the new violation(5)
 in the motion to
adjudicate the first case and, therefore, was not included in the plea
bargain in the new violation plea.

 We note from the record that appellant signed the "plea
admonishments" in the new case(6)
 and initialed each paragraph,
including the paragraph concerning the necessity of permission to
appeal. He was denied permission to appeal this matter and the court's
assessment of punishment did not exceed the plea bargain punishment. 
He has no standing to raise this matter on appeal. There is no error.

 Appellant also cites Flowers v. State, 935 S.W.2d 131 (Tex. Crim.
App. 1996) to give permission to appeal the issue of the voluntariness
of his plea. We agree with the Fort Worth Court in Villanueva v. State,
977 S.W.2d 693, 695 (Tex. App. ­ Fort Worth 1998, no pet.) and the
Waco Court in Elizondo v. State, 979 S.W.2d 823, 824 (Tex. App. ­
Waco 1998, no pet.) that in promulgating rule 25.02(b)(3) of the rules
of appellate procedure, the court of appeals effectively overruled
Flowers.(7)
 Davis v. State, 7 S.W.3d 695 (Tex. App.--Hou. [1st] 1999, no
pet. hist.) holds differently.

 Appellant argues that the reporter's record in the sexual assault
case shows that his plea of "no contest" was involuntary because he
did not understand his right to appeal. In support thereof he offers this
portion of the record:

 The court: Okay. You understand on a plea of no
contest, I am still and will still find you
guilty of the offense? Do you
understand that?


 The defendant: Do I still have a right to plea (sic), right?


 The court: You can plead and I'll accept your plea
of no contest.


 The defendant: I meant to say appeal, right?


 The court: Pardon?


 The defendant: I may be able to appeal later?


 The court: Well you have a very limit right to
appeal on pleas. You can hear (sic)(8)
the hearing on the motion to
adjudicate where I give you twenty
years on a plea of no contest. You
have very limited circumstances on
appeal. Do you understand?

 

 The defendant: Yes, ma'am.


We do not agree that the interchange between appellant and the trial
judge supports appellant's argument.

 Finally, appellant argues that the trial court, following his no
contest plea in the sexual assault case, did not specifically declare his
guilt in the aggravated assault case and did not hold a separate
punishment hearing therein before sentencing him to twenty years. He
cites Issa v. State, 826 S.W.2d 159 (Tex. Crim. App. 1992) as authority. 
Issa holds that when a trial court finds that an accused has committed
a violation as alleged by the state and adjudicates a previously deferred
finding of guilt, the court must then conduct a second phase to
determine punishment and it must allow the defendant an opportunity
to present evidence. Id. at 161.

 The only reporter's record we have before us is the brief record of
appellant's plea to the court in the sexual assault case. The clerk's
record in the adjudication of guilt for aggravated assault, states "and
the court having heard the evidence submitted by both sides herein." 
This is followed by the adjudication of guilt. Nothing to contradict this
recitation has been preserved and therefore, nothing is presented for
our review. Tex. R. App. Proc. 33.1 (Vernon Supp. 2000). See also
Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999).

 We find no error in the proceedings below and AFFIRM the
judgment of the trial court.

 NOAH KENNEDY

 Justice



Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 31st day of August, 2000.


 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice ofthe Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§74.003 (Vernon 1998).

2. To avoid confusion, we will refer to the first case chronologically
as aggravated assault and the second as sexual assault. On appeal, the
case first in time of commission has the higher number for some
reason.

3. No court reporter's record was brought forward in the appeal of
the aggravated assault case.

4. Cause No. 13-99-250-CR, aggravated sexual assault of a child.

5. Cause No. 13-99-250-CR, aggravated sexual assault of a
child.

6. Cause No. 13-99-250-CR, aggravated sexual assault of a child.

7. When Flowers was published the governing rule was numbered
40(b)1 and included as authorization of the appeal voluntariness of the
plea as well as those which remain under 25.2(b)3, ie, matters appealed
with trial court's permission, matters ruled on before trial, and
jurisdictional matters.

8. The record does not substitute another word for "hear."