# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00060-CR

**John Richard Liles, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 51,831, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING

After pleading guilty, appellant John Richard Liles was convicted of arson. He was sentenced to imprisonment for seven years in conformity to a plea bargain agreement. His notice of appeal states, "This appeal is for a jurisdictional defect in that the plea was involuntary due to ineffective assistance of counsel. The Trial Court denied permission to appeal."

When a defendant pleads guilty to a felony and the punishment assessed does not exceed that recommended by the prosecutor and agreed to by the defendant, the notice of appeal must state that the appeal is for a jurisdictional defect, or that the substance of the appeal was raised by written motion and ruled on before trial, or that the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3). The voluntariness of a guilty plea is not a jurisdictional issue. *Flowers v. State*, 935 S.W.2d 131, 135 n.4 (Tex. Crim. App. 1996). Absent the trial court's permission, rule 25.2(b) does not permit the voluntariness of the guilty plea to be raised on appeal. *Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001).

The appeal is dismissed for want of jurisdiction.

                                           _____

                                           David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Dismissed for Want of Jurisdiction

Filed:   March 7, 2002

Do Not Publish