11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Eric Michael Whitfield

Appellant

Vs.                   No.
11-02-00187-CR --  Appeal from Taylor County

State of Texas

Appellee

 

Eric
Michael Whitfield pleaded guilty to the offense of second degree robbery.  Pursuant to the terms of a plea bargain
agreement reached between appellant and the State, the trial court assessed
appellant=s punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term
of 15 years.  Soon after he entered his
guilty plea, appellant filed a motion for new trial which challenged the
voluntariness of his guilty plea and the effectiveness of his trial
counsel.  The trial court denied the
motion for new trial after conducting an evidentiary hearing.  We dismiss the appeal

Appellant
presents three issues on appeal attacking the trial court=s denial of his motion for new trial.  The first issue alleges that the motion for
new trial should have been granted because appellant=s guilty plea was made involuntarily.  He premises his claim of involuntariness on
the allegation that his trial counsel pressured him into pleading guilty.[1]   Appellant argues in his second and third
issues that the trial court should have granted a new trial because his trial
counsel provided ineffective assistance of counsel.  His allegation of ineffective assistance of counsel focuses on
trial counsel=s decision not to request the appointment of
an investigator to locate witnesses who may have been able to exonerate
appellant.[2]








The State
argues that our court does not have jurisdiction to consider appellant=s appeal. 
The State cites TEX.R.APP.P. 25.2(b)(3) (amended 2003) in support of
this contention.   The version of
TEX.R.APP.P. 25.2(b) in effect at the time appellant filed his notice of appeal
read as follows:

(b) Form and
sufficiency of notice.

 

(1) Notice
must be given in writing and filed with the trial court clerk.

 

(2) Notice
is sufficient if it shows the party=s desire to appeal from the judgment or other appealable order, and, if
the State is the appellant, the notice complies with Code of Criminal Procedure
article 44.01.

 

(3) But if
the appeal is from a judgment rendered on the defendant=s plea of guilty or nolo contendere under
Code of Criminal Procedure article 1.15, and the punishment assessed did not
exceed the punishment recommended by the prosecutor and agreed to by the
defendant, the notice must: 

 

(A)
specify that the appeal is for a jurisdictional defect; 

 

(B)
specify that the substance of the appeal was raised by written motion and ruled
on before trial; or

 

(C) state
that the trial court granted permission to appeal.[3]

 

The limitations of Rule
25.2(b)(3) restrict the jurisdiction of appellate courts to consider issues
raised by plea-bargaining defendants.[4]  Cooper v. State, 45 S.W.3d 77, 83
(Tex.Cr.App.2001).   The limitations
imposed by Rule 25.2(b)(3) apply to appellate complaints which attack the
plea-bargaining defendant=s  conviction.  Kirtley v. State, 56 S.W.3d 48, 51
(Tex.Cr.App.2001); Vidaurri v. State, 49 S.W.3d 880, 884 (Tex.Cr.App.2001). The
limitations of Rule 25.2(b)(3) apply in this appeal because appellant seeks to
set aside his conviction as opposed to complaining of matters unrelated to his
conviction.








Appellant
timely filed four pro se notices of appeal with the trial court.  His appointed appellate counsel filed a
fifth notice of appeal.  Appellant=s fourth and fifth notices of appeal specify
that he is appealing the trial court=s rulings on written, pretrial motions.  However, appellant is not attacking the trial court=s ruling on written, pretrial motions because
he only challenges the trial court=s denial of the motion for new trial.[5]  Appellant=s fourth notice of appeal further states that the trial court granted
permission for him to appeal.   However,
our review of the record does not reveal that the trial court granted
permission for the appeal.  Thus, while
appellant has filed notices of appeal that comply with the technical
requirements of Rule 25.2(b)(3), the substance of his appellate complaints are
not set forth in the rule.  A court of
appeals is not authorized to address issues on appeal that do not fall within
one of the categories listed in Rule 25.2(b)(3).  Woods v. State, No. 2365-01, 2003 WL 21398613 (Tex.Cr.App. June
18, 2003).  

Appellant
asserts that this court has jurisdiction to consider his appeal under the
authority of Cooper.  Cooper
involved a plea-bargaining defendant who desired to set aside his conviction by
attacking the voluntariness of his guilty plea on appeal.   Cooper v. State, supra at 77-78.  The Court of Criminal Appeals held in Cooper
that the voluntariness of a guilty plea may not be questioned on an appeal from
a plea-bargained, felony conviction. 
Cooper v. State, supra at 81.  In
reaching this conclusion, the court supported its holding by noting that there
are two other procedures by which a plea-bargaining defendant may raise a claim
of an involuntary plea: (1) a motion for new trial and  (2) habeas corpus.  The court stated as follows with respect to these two
proceedings: AThese procedures are not only adequate to
resolve claims of involuntary pleas, but they are superior to appeal in that
the claim may be supported by information from sources broader than the
appellate record.@  Cooper v. State, supra at 82.  Appellant argues that this court has
jurisdiction to consider the denial of his motion for new trial based on Cooper=s declaration that a motion for new trial is
an adequate procedure for asserting an involuntary plea claim.  








Cooper dealt solely with the claim of an
involuntary guilty plea made by a plea-bargaining defendant.  Any relief afforded by Cooper would
only apply to appellant=s claim of involuntariness. 
Appellant=s claim of ineffective assistance of counsel
occurring prior to his conviction is not cognizable under Rule 25.2(b)(3).  Woods v. State, supra.  

The
procedural background of the instant case appears to indicate the existence of
an internal conflict in Cooper=s holding.   The primary holding
in Cooper is that the voluntariness of a guilty plea may not be raised
on appeal from a plea-bargained, felony conviction.  In reaching this holding, the court noted that a plea-bargaining
defendant may assert a claim of an involuntary plea in a motion for new
trial.  We are thus faced with the
question of deciding whether or not a plea-bargaining defendant may raise the
issue of involuntariness on appeal by seeking to set aside the  denial of a motion for new trial alleging
involuntariness.  Our analysis of Cooper
leads us to the conclusion that we do not have jurisdiction to consider
appellant=s issues.

Prior to Cooper,
involuntary plea claims were accorded special status under  Flowers v. State, 935 S.W.2d 131
(Tex.Cr.App.1996).  Cooper v. State,
supra at 78.  The Court of Criminal
Appeals held in Flowers that the limitations of the predecessor rule to
Rule 25.2(b), former TEX.R.APP.P. 40(b)(1), did not apply to involuntary plea
claims.  Flowers v. State, supra at
134.  In Cooper, the court
eliminated the exception created in Flowers.  The court in Cooper determined that appellate courts do
not have jurisdiction to consider involuntary plea claims raised by
plea-bargaining defendants.  The court
based this determination on the language of TEX. CODE CRIM. PRO. ANN. art.
44.02 (Vernon 1979).  Cooper v. State,
supra at 79-80.  Article 44.02 forbids
appeals in plea-bargained, felony cases unless one of two conditions are met:
the defendant has permission of the trial court or the appeal is from a
written, pretrial motion.  








The
jurisdictional restrictions of Article 44.02 limit Aevery appeal on every ground in a
plea-bargain, felony case.@  Cooper v. State, supra at
80.  Relying on this statute, the court
expressly held in Cooper that appellate courts do not have jurisdiction
to consider involuntary plea claims raised on appeal from plea-bargained,
felony convictions.   The court recently
reaffirmed this holding in Woods, stating:  AWe have held that plea-bargaining defendants
may not appeal the voluntariness of their pleas.@  We do not believe that the
Court of Criminal Appeals intended to create an exception to the jurisdictional
restrictions placed on appellate courts by Article 44.02 if a plea-bargaining
defendant files a motion for new trial. 
Instead, we construe the court=s reference to a motion for new trial as the identification of a remedy
which the plea-bargaining defendant can pursue in the trial court to set aside
his guilty plea.

We agree
with the State=s contention that this court does not have
jurisdiction to consider this appeal. 
This appeal is dismissed for want of jurisdiction.  

 

W. G.
ARNOT, III

CHIEF
JUSTICE

July 3, 2003

Publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]Appellant did not enter his guilty plea until after the
commencement of trial on the charges filed against him. 





     [2]Appellant has filed two pro se documents with the court
which we have treated as reply briefs to the State=s brief.  These
documents present contentions supporting appellant=s claim of ineffective assistance of counsel set forth
in his second and third issue.





     [3]The Court of Criminal Appeals amended TEX.R.APP.P. 25.2
effective January 1, 2003.   All
references in this opinion to ARule 25.2(b)@ or ARule 25.2(b)(3)@ refer to the previous version of TEX.R.APP.P. 25.2 in
effect at the time appellant filed his notice of appeal.





     [4]The current version of the rule reads that a
plea-bargaining defendant Amay appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial, or (B) after getting the trial
court=s permission to appeal.@
TEX.R.APP.P. 25.2(a)(2).





     [5]The fifth notice of appeal filed by appellate counsel
specifies that appellant is appealing from the trial court=s denial of the motion for new trial.