IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 2189-01






HAROLD WAYNE BAILEY, Appellant



v.



THE STATE OF TEXAS






ON DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY






 Womack, J., filed a dissenting opinion, in which Keller, P.J., and
Hervey, J., joined.



 Today the Court decides that the time to file notice of appeal began when the trial
court entered its order fixing the amount of restitution. It does so in a published opinion
that will lead, I fear, to a significant number of attempts to appeal from post-sentencing
orders that impose or modify conditions of probation.

 The Court attempts to limit the damage to our criminal justice system by limiting its
holding to the facts of this case. (1) This may mean that other probationers will not succeed,
as Bailey has, in having the merits of their appeals decided. But the damage will not come
from having the merits decided. The damage will come from the appellate process itself,
even though it leads to decisions by a court of appeals and this court that the appeal does
not lie. Those decisions can be reached only after the appeals are heard. About two years
will have passed, during which the trial court and the probation department will have no
authority to supervise the person who has been found guilty (or subject to deferred-adjudication probation) because the judgment of probation is not final. More than 175,000
defendants are put on probation every year. (2) Because of this decision, each of them will be
able to appeal the modification of a condition of probation, thus avoiding the responsibility
to obey the condition. The Court says that my "assertion is based on a misconception that
our opinion applies to modifications of conditions of probation. It does not." (3) I respectfully point out that I have misconceived nothing. I repeat that every probationer whose
conditions of probation are modified will be able to appeal to claim that his sentencing, like
Bailey's, was not complete until the modification was made. I do not understand how the
Court is comforted by its prediction that each of these probationers will lose on the merits
because each appeal will be held to be unlike Bailey's. That is beside the point that I am
making, which is that today's decision makes the unsuccessful appeal possible, which
makes the modified conditions unenforceable during the several years that will be consumed before the appeal ultimately fails. If there is a misconception about the effect of
today's decision, the misconception is not mine.

 This is but the latest in a series of decisions by this Court that have the effect of
thwarting the legislature's decision in 1977 to have plea-bargainers placed in confinement
or under probation supervision without appeal unless they met one of two conditions: they
had the trial court's permission to appeal or they were appealing from a matter raised by
written motion filed before trial. (4) The Court tore large holes in the 1977 statute by writing
into its Rules of Appellate Procedure an unauthorized limitation that permitted every plea-bargaining defendant to appeal jurisdictional questions, (5) and by making up out of whole
cloth another unauthorized permission for every plea-bargaining defendant to appeal the
voluntariness of the plea. (6) Now, less than three months after mending these holes by
amendment of Rule of Appellate Procedure 25.2, the Court tears another hole in the rule
against appeals.

 Is this rip really necessary? In my view, it is not. The procedure that the district
court followed in this case gave the appellant several opportunities to give timely notice of
appeal.

 The appellant was found guilty and sentenced to prison, and the execution of the
sentence was suspended in open court. He had 30 days in which to file a motion for new
trial (7) or a notice of appeal. (8) The district court chose the 28th day of that period for a
hearing to decide whether to add a condition of probation requiring him to make restitution
to the victim of his crime. He told the court immediately that he might want to appeal if
there were such a condition, so it is clear that he was contemplating filing notice of appeal.
He had four weeks to get it ready. On day 28, the condition of which the appellant complains was imposed in open court. He did not file a notice of appeal that day, or the 29th
day, or the 30th day. Nor did he file on any of those days a motion for new trial, which
would have given him 60 more days in which to give notice of appeal. (9)

 But the clock still had not run out for him. After the 30th day passed, he had 15
more days in which to file the notice of appeal and a motion for extension of time. (10) He did
not. He waited to give notice of appeal until the 51st day after his sentence was suspended.

 Bailey does not need a new hole in the law; there were several opportunities in the
law of appeal that he passed up. Even now he could get an appeal by seeking the writ of
habeas corpus on the ground that he was denied effective assistance of counsel when his
lawyer passed up the chances to give timely notice of appeal. Rather than giving every
probationer in Texas a "Get Out of Probation Free" card just to give this probationer an
appeal in what the Court recognizes is a unique case, I would affirm the court of appeals and
give the appellant the opportunity for habeas corpus. I respectfully dissent.


En banc.

Delivered March 24, 2004.

Publish.
1. See ante, at 10 ("In the unique facts of this case, the parties considered the sentencing to be
incomplete until the amount of restitution, if any, was set").
2. See Texas Department of Criminal Justice -- Community Justice Assistance
Division, Statistical Trends in Community Supervision12 (2003) (in each of the State Fiscal
Years 1993 through 2002, the number of offenders newly placed on probation has been in a range
from 174,602 to 186,124).
3. Ante, at 10 n.4.
4. See Act of June 10, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940,
repealed in part by Act of June 14, 1985, 69th Leg., R.S., ch. 685, §§ 1 & 4, 1985 Tex. Gen Laws
2472 (authorizing the Court of Criminal Appeals to promulgate rules of procedure and conditionally
repealing statutes).
5. See Tex. R. App. P. 40(b)(1) (1986) (limiting the restriction of appeal to "an appeal for a
nonjurisdictional defect or error").
6. See Flowers v. State, 935 S.W.2d 131 (Tex. Cr. App. 1996), overruled by Cooper v.
State, 45 S.W.3d 77 (Tex. Cr. App. 2001).
7. See Tex. R. App. P. 21.4(a).
8. See id., R. 26.2.
9. See id., R. 26.2(a)(2).
10. See id., R. 26.3.