DAVIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-083-CR

RONALD DAVIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Ronald Davis appeals from his conviction for possession of cocaine and his sentence of thirty-five years’ confinement.  We affirm.

FACTS

The police arrested appellant for possession of more than one pound of cocaine.  He confessed to the crime and attempted to become a confidential informant in exchange for leniency in sentencing.  On October 18, 2001, appellant entered an open plea of guilty to the offense of possession of a controlled substance with the intent to deliver.  The indictment included two felony enhancement paragraphs and appellant pled “true” to both.  Appellant waived his right to a jury trial and the trial court sentenced appellant to thirty-five years’ confinement.  Appellant filed a pro se notice of appeal and requested the trial court to appoint him counsel on appeal. 

ANDERS BRIEF

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially re-brief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132 (Tex. Crim. App. 1996) (disapproved on other grounds by 
Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001)); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for appeal.

INDEPENDENT REVIEW

There are no jurisdictional errors.  The indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.07 (Vernon Supp.
 2004); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The record reflects that appellant knowingly and voluntarily entered his plea.  After being admonished by the trial court regarding the consequences of his plea, appellant insisted on pleading guilty and admitted his guilt in open court.  
Nothing in the record would support a claim that appellant’s plea was involuntary.

Finally, the trial court assessed punishment within the statutory range.  Possession of over 400 grams of controlled substance, with the intent to deliver, 
is a first degree felony.  
See 
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003), § 12.42(d) (Vernon Supp. 2004)
.
  With two felony enhancements, the offense is punishable by twenty-five years to life imprisonment. 
 See id.
 § 12.42(d)
.
  The court sentenced appellant to thirty-five years’ confinement.  There is nothing to suggest that the trial court erred in sentencing appellant.

Our independent review of the areas available to appellant for an appeal leads us to conclude that there are no grounds upon which appellant could be arguably successful on appeal.  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 25, 2004

FOOTNOTES
1:
See 
Tex.  R.  App.  P. 
 47.4.