COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-243-CR
  
  
BOBBY 
WAYNE MCGILVEARY                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Bobby 
Wayne McGilveary appeals his conviction for aggravated sexual assault of a child 
under fourteen years of age.  After appellant entered an open plea of 
guilty, the trial court conducted a sentencing hearing and assessed punishment 
at thirty years’ confinement.  We will affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion.  In the brief, counsel avers that, in 
his professional opinion, this appeal is frivolous.  Counsel’s brief and 
motion meet the requirements of Anders v. California, 386 U.S. 738, 87 S. 
Ct. 1396 (1967), by presenting a professional evaluation of the record 
demonstrating why there are no arguable grounds for relief.[2]
        Once 
appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf.  See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because appellant entered an open 
plea of guilty, our independent review for potential error is limited to 
potential jurisdictional defects, the voluntariness of appellant’s plea, error 
that is not independent of the judgment of guilt, and error occurring after 
entry of the guilty plea.  Monreal v. State, 99 S.W.3d 615, 619-20 
(Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. 
App. 2000); Flowers v. State, 935 S.W.2d 131, 132-33 (Tex. Crim. App. 
1996) (disapproved on other grounds by Cooper v. State, 45 S.W.3d 77 
(Tex. Crim. App. 2001)); Jack v. State, 871 S.W.2d 741, 743-44 (Tex. 
Crim. App. 1994).  Our independent review of the record reveals that 
counsel has correctly determined that there are no arguable grounds for relief.
        There 
are no jurisdictional errors.  The indictment conferred jurisdiction on the 
trial court and provided appellant with sufficient notice to prepare a 
defense.  See Tex. Const. 
art. V, § 12; Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp. 2004); Duron v. State, 956 S.W.2d 547, 550-51 
(Tex. Crim. App. 1997).
        The 
written plea admonishments indicate that appellant knowingly and voluntarily 
entered his plea.  Appellant was also admonished by the trial court 
regarding the consequences of his plea before he pleaded guilty and admitted his 
guilt in open court.  Nothing in the record would support a claim that 
appellant’s plea was involuntary.
        There 
are no errors that are not independent of the judgment of guilt, and the 
sentence assessed by the trial court for the offense is within the punishment 
range provided for by law.  Appellant pleaded guilty to six counts of 
aggravated sexual assault of an eleven-year-old child, and also pleaded true to 
two enhancement paragraphs alleging two prior felony convictions.  The 
punishment range for a first-degree felony, when a defendant has previously been 
convicted of a felony, is between fifteen and ninety-nine years’ 
confinement.  See Tex. Penal 
Code Ann. §§ 12.42(c), 22.021 (Vernon Supp. 2004).  Appellant had 
previously rejected the State’s offer of forty years’ confinement.  At 
the sentencing hearing, appellant called witnesses to ask the court to consider 
deferred adjudication community supervision.  There is nothing to suggest 
that the trial court erred in sentencing appellant.
        Our 
independent review of the areas available to appellant for an appeal leads us to 
conclude that there are no grounds upon which appellant could be arguably 
successful on appeal. Therefore, we grant appellate counsel’s motion to 
withdraw and affirm the trial court’s judgment.
  
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
  
  
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 10, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
This court gave appellant the opportunity to file a pro se brief. Appellant 
filed a pro se brief untimely after he was granted three extensions of time to 
file his brief. We therefore informed appellant that we would not consider the 
brief.