Calhoun v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-243-CR

BOBBY WAYNE MCGILVEARY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Bobby Wayne McGilveary appeals his conviction for aggravated sexual assault of a child under fourteen years of age.  After appellant entered an open plea of guilty, the trial court conducted a sentencing hearing and assessed punishment at thirty years’ confinement.  We will affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.
(footnote: 2)
 Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
Monreal v. State,
 99 S.W.3d 615, 619-20 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996) (disapproved on other grounds by 
Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001)); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.

There are no jurisdictional errors.  The indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp.
 2004); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The written plea admonishments indicate that appellant knowingly and voluntarily entered his plea.  Appellant was also admonished by the trial court regarding the consequences of his plea before he pleaded guilty and admitted his guilt in open court.  Nothing in the record would support a claim that appellant’s plea was involuntary.

There are no errors that are not independent of the judgment of guilt, and the sentence assessed by the trial court for the offense is within the punishment range provided for by law.  Appellant pleaded guilty to six counts of aggravated sexual assault of an eleven-year-old child, and also pleaded true to two enhancement paragraphs alleging two prior felony convictions.  The punishment range for a first-degree felony, when a defendant has previously been convicted of a felony, is between fifteen and ninety-nine years’ confinement.  
See 
Tex. Penal Code Ann.
 §§ 12.42(c), 
22.021 (Vernon Supp. 2004).  Appellant had previously rejected the State’s offer of forty years’ confinement.  At the sentencing hearing, appellant called witnesses to ask the court to consider deferred adjudication community supervision.  There is nothing to suggest that the trial court erred in sentencing appellant.

Our independent review of the areas available to appellant for an appeal leads us to conclude that there are no grounds upon which appellant could be arguably successful on appeal.  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 10, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
This court gave appellant the opportunity to file a pro se brief.  Appellant filed a pro se brief untimely after he was granted three extensions of time to file his brief.  We therefore informed appellant that we would not consider the brief.