Affirmed and Memorandum Opinion filed March 2, 2006









Affirmed and Memorandum Opinion filed March 2, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-01173-CR

_______________

 

MARIO CASTANEDA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________________

 

On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 959,571

________________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Mario Castaneda, appeals a conviction for aggravated
sexual assault on the grounds that: (1) the trial court erred in failing to
admonish him that he would be required to register as a sex offender, and (2)
his guilty plea was involuntary because he unwittingly pleaded guilty to an
indictment that charged two offenses.  We
affirm.








Appellant entered a plea of guilty to the offense of
aggravated sexual assault.  After a
presentence investigation, the trial court conducted a hearing on punishment
where appellant was found guilty and sentenced to thirty years= confinement in the Texas Department
of Criminal JusticeBInstitutional Division. 
In his first issue, appellant contends the trial court erred in failing
to admonish him that he would be required to register as a sex offender.  Article 26.13 of the Code of Criminal
Procedure requires that the court, prior to accepting a plea of guilty,
admonish the defendant regarding (1) the range of punishment, (2) the law on
plea bargain agreements, (3) the effect that a plea bargain agreement may have
on the right to appeal, and (4) the effect that a conviction might have on a
non-citizen.  A defendant who is accused
of an offense that may require him to register as a sex offender must be
admonished of that consequence.  Tex. Code Crim. Proc. Ann. art.
26.13(a)(5).  These admonishments can be
made orally or in writing.  Tex. Code Crim. Proc. Ann. art.
26.13(d).

In arraigning appellant, the trial court admonished him in
writing of the range of punishment attached to the offense and the possibility
of deportation because appellant is not a citizen of the United States.  The court did not admonish appellant of the
consequences of a plea bargain agreement because appellant entered an open
plea.  The record shows that the trial
court did not include the sex offender registration consequence among its
written admonishments.  No record of the
plea hearing was filed with this court. 
Because appellant did not produce a record of the plea hearing, it is
impossible to determine from the appellate record whether the trial court
orally admonished appellant of his obligation to register as a sex offender if
convicted.  Therefore, we cannot
determine from the record before us whether the trial court erred.








Moreover, even if the record showed the trial court failed to
admonish appellant of his obligation to register as a sex offender, any error
would be harmless.  The failure of a
trial court to admonish a defendant as to the required registration as a sex
offender does not render a plea involuntary. 
Mitschke v. State, 129 S.W.3d 130, 136 (Tex. Crim. App.
2004).  A violation of article 26.13
comes within the non-constitutional harmless error standard embodied in Rule
44.2(b) of the Texas Rules of Appellate Procedure.  Anderson v. State, __ S.W.3d __, 2006
WL 119841, at *2 (Tex. Crim. App. January 18, 2006) (not yet published).  The issue to be determined in applying rule
44.2(b) to the failure to give an admonition is, considering the record as a
whole, do we have a fair assurance that the defendant=s decision to plead guilty would not
have changed had the court admonished him? 
Id. at *3.  In considering
the effect of the court=s error on appellant=s decision to plead guilty, we should
consider the strength of the evidence of guilt. 
Id. at *4.  

In this case, appellant, his brother, and the complainant
each gave a statement to the police.  In
her statement, the complainant said she had stepped out of her apartment when
appellant and his brother grabbed her and forced her into their car.  They drove to a motel, left the motel, then
took her out to an open field.  While in
the field, the brothers alternately sexually assaulted the complainant.  The complainant testified she fought her
assailants and feared for her life during the attack.  Appellant and his brother gave statements to
the police in which they admitted the sexual assault occurred without the
complainant=s consent, but the complainant got
into their car on her own.  Considering
the record as a whole, even if the trial court failed to admonish appellant,
there is no evidence that appellant=s decision to plead guilty would have
been different if the trial court had admonished him about sex offender
registration requirements.  Therefore,
the error, if any, was harmless. 
Appellant=s first issue is overruled.

In his second issue, appellant contends his plea was
involuntary in that he unwittingly pleaded guilty to an indictment that charged
two separate offenses.  Appellant was
charged in two paragraphs of the indictment with sexual assault by penetration
of the victim=s sexual organ and by penetration of
the victim=s mouth.  The indictment, therefore, charged appellant
with two offenses.  See Vick v. State,
991 S.W.2d 830, 833 (Tex. Crim. App. 1999). 
Appellant alleges his plea was involuntary because he was not admonished
that he was pleading guilty to two offenses and it is unclear whether the trial
court assessed punishment for one or two offenses. 








An accused=s plea of guilty must be made freely and voluntarily.  Flowers v. State, 935 S.W.2d 131, 133
(Tex. Crim. App. 1996).  When considering
the voluntariness of a plea, we must examine the entire record. Martinez v.
State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  Appellant contends that neither the written
admonishments, nor the oral pronouncements at the punishment hearing informed
him that the indictment alleged two crimes. 
The record reflects, however, that appellant and his counsel were
informed that appellant was indicted for two crimes and that appellant pleaded
guilty to two crimes.  Appellant and his
attorney signed a document entitled, AWaiver of Constitutional Rights,
Agreement to Stipulate, and Judicial Confession.@ 
Both offenses were alleged in the document and appellant stated he
understood the allegations against him and confessed that they were true.  Appellant was then admonished that he was
charged with the felony offense of aggravated sexual assault and that the range
of punishment was five years to ninety-nine years in prison.  In its judgment, the trial court found
appellant guilty of aggravated sexual assault and assessed punishment at thirty
years.  Appellant has failed to present a
record showing he was not aware he was indicted for two offenses.  In fact, the document signed by appellant and
his counsel indicates otherwise. 
Appellant=s unsupported allegations do not suffice to render his plea
involuntary.  Appellant=s second issue is overruled.

The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed March 2, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).