HERNANDEZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-128-CR

NO. 2-03-129-CR

JOSE MANUEL HERNANDEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  INTRODUCTION
  

Appellant Jose Manuel Hernandez appeals his convictions for delivery of one gram or more but less than four grams of a controlled substance
.  We affirm.

II.  BACKGROUND

On March 13, 2003, appellant entered open pleas of guilty to two felony charges of delivery of a controlled substance.  After hearing punishment evidence, the trial court sentenced appellant to fifteen years’ confinement.  
Appellant’s court-appointed appellate counsel has filed a motion to withdraw
, asserting that there are no grounds that appellant could argue successfully on appeal.  
Appellant has also filed a pro se brief raising two issues on appeal.  We grant counsel’s motion to withdraw, overrule appellant’s issues, and affirm the trial court’s judgments.

III.  LAW AND APPLICATION TO FACTS
 

A. Motion to Withdraw

Appellant’s counsel contends in his motion to withdraw that 
this appeal is frivolous.  Counsel’s motion and supporting brief meet the requirements of 
 Anders v. California
 by presenting, through a professional evaluation of the record, counsel’s conclusion that any possible grounds for appellate relief are unmeritorious 
and by referencing portions of the record that might arguably support an appeal.  
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967)
.  
Once counsel has complied with the 
Anders
 requirements, we must conduct an independent examination of the record to decide whether there are any arguable grounds for appeal 
that may be raised on appellant’s behalf.
  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Counsel’s brief examines each phase of the proceedings below and explains, with supporting citations to Texas law, why the record contains no errors that appellant can plausibly argue as grounds for appeal.  Counsel raises only one possible ground for appeal:  ineffective assistance of trial counsel.  This potential claim of ineffective assistance stems from trial counsel’s introducing evidence of appellant’s drug-dealing activities during the trial’s punishment phase. 

To establish a claim of ineffective assistance, appellant must show that counsel’s performance was deficient and that this deficient performance prejudiced his defense.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Hernandez v. State
, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999).  Our scrutiny of counsel’s performance is highly deferential, because “counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Strickland
, 466 U.S. at 690, 104 S. Ct. at 2066.  Therefore, an allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
McFarland v. State
, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), 
cert. denied
, 519 U.S. 1119 (1997).    

Counsel correctly concludes that a claim of ineffective assistance would be unmeritorious on appeal because appellant cannot show that his trial lawyer’s performance was deficient.  The record does not reveal trial counsel’s reasons for introducing testimony of appellant’s prior involvement with drugs. Therefore, appellant cannot overcome the presumption that his trial counsel’s assistance was adequate and that counsel’s actions were part of a valid strategic plan.  
See Tong v. State
, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 1053 (2001).

B. Appellant’s pro se brief

This court provided appellant the opportunity to file a pro se brief, and he has filed a brief arguing that (1) his open pleas were not voluntary and (2) the trial court abused its discretion in sentencing him to fifteen years’ confinement.  Because appellant entered open pleas of guilty, he has waived the right to appeal any nonjurisdictional defects, other than the validity of his pleas, that occurred before entry of the guilty pleas.  
See Flowers v. State
, 935 S.W.2d 131, 133 (Tex. Crim. App. 1996);
 Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  However, an appellant may appeal error that occurred before the guilty plea if the judgment was not rendered independently of the error and if the error supports the judgment.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).  Therefore, our independent review of the record for potential grounds for appeal is limited to potential jurisdictional defects, the validity of appellant’s pleas, error that affected and supported the judgments, and error occurring after the guilty pleas. 

Our review of the record reveals no jurisdictional defects.  The indictments sufficiently conferred jurisdiction on the trial court and provided appellant with adequate notice.  
See
 
Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  The record also reveals that no error occurred before the trial court entered the judgments of guilt because the trial court based its judgments on appellant’s pleas and his signed judicial confessions.  
See Dinnery v. State, 
592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh’g) (“It is well settled that a judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea.”).  

In his first issue on appeal, appellant claims that his guilty pleas were involuntary.  The record reveals that the trial court properly admonished appellant, both orally and in writing, before appellant entered his guilty pleas.  Appellant contends that he repudiated his pleas by advising his trial counsel that he entered guilty pleas “because his counsel said that [he] would get probation if [he] pled guilty.”  This statement does not appear in the record, however, and nothing else in the record supports this claim.  Without supporting confirmation in the record, an appellant’s contention alone is insufficient for a reviewing court to find a plea involuntary.  
See Franklin v. State
, 693 S.W.2d 420, 431 (Tex. Crim. App. 1985), 
cert. denied
, 475 U.S. 1031 (1986).  Accordingly, we overrule appellant’s first issue.
  

Our review of the proceedings after the guilty pleas also yields no reversible error.  The sentence assessed by the trial court is within the statutorily permissible range.  
See
 
Tex. Penal Code Ann.
 § 12.33 (Vernon 2003).  In his second issue, appellant argues that the sentence of fifteen years’ confinement is excessive and violates the prohibitions against cruel and unusual punishment contained in the United States Constitution, Texas Constitution, and Texas Code of Criminal Procedure because appellant had no prior criminal convictions.  
See 
U.S. Const
. amend. VIII; 
Tex. Const.
 art. I, § 13; 
Tex. Code Crim. Proc. Ann.
 art. 1.09 (Vernon 1977).  Because appellant did not object to the sentence imposed or otherwise raise the issue of cruel and unusual punishment in the trial court, he has not preserved this complaint for our review.  
See 
Tex. R. App. P.
 33.1(a); 
Curry v. State
, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995).  Appellant also failed to preserve his complaint that the trial court erred in denying appellant an “evidentiary hearing” on his discovery motion, as he neither secured the trial court’s ruling on the motion nor objected to the trial court’s refusal to rule.  
See 
Tex. R. App. P.
 33.1(a)(2).  We overrule appellant’s second issue.

IV.  CONCLUSION

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw, overrule appellant’s issues, and affirm the trial court’s judgments.

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 4, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4
.