COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-128-CR
NO. 2-03-129-CR

  
JOSE MANUEL HERNANDEZ                                                   APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 16TH DISTRICT COURT 
OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. INTRODUCTION
        Appellant 
Jose Manuel Hernandez appeals his convictions for delivery of one gram or more 
but less than four grams of a controlled substance. We affirm.
II. BACKGROUND
        On 
March 13, 2003, appellant entered open pleas of guilty to two felony charges of 
delivery of a controlled substance. After hearing punishment evidence, the trial 
court sentenced appellant to fifteen years’ confinement. Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw, asserting that 
there are no grounds that appellant could argue successfully on appeal. 
Appellant has also filed a pro se brief raising two issues on appeal. We grant 
counsel’s motion to withdraw, overrule appellant’s issues, and affirm the 
trial court’s judgments.
III. LAW AND APPLICATION TO FACTS
        A.     Motion 
to Withdraw
        Appellant’s 
counsel contends in his motion to withdraw that this appeal is frivolous. 
Counsel’s motion and supporting brief meet the requirements of Anders v. 
California by presenting, through a professional evaluation of the record, 
counsel’s conclusion that any possible grounds for appellate relief are 
unmeritorious and by referencing portions of the record that might arguably 
support an appeal. 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Once counsel 
has complied with the Anders requirements, we must conduct an independent 
examination of the record to decide whether there are any arguable grounds for 
appeal that may be raised on appellant’s behalf. See Stafford v. State, 
813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
        Counsel’s 
brief examines each phase of the proceedings below and explains, with supporting 
citations to Texas law, why the record contains no errors that appellant can 
plausibly argue as grounds for appeal. Counsel raises only one possible ground 
for appeal: ineffective assistance of trial counsel. This potential claim of 
ineffective assistance stems from trial counsel’s introducing evidence of 
appellant’s drug-dealing activities during the trial’s punishment phase.
        To 
establish a claim of ineffective assistance, appellant must show that 
counsel’s performance was deficient and that this deficient performance 
prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 
S. Ct. 2052, 2064 (1984); Hernandez v. State, 988 S.W.2d 770, 770 n.3 
(Tex. Crim. App. 1999). Our scrutiny of counsel’s performance is highly 
deferential, because “counsel is strongly presumed to have rendered adequate 
assistance and made all significant decisions in the exercise of reasonable 
professional judgment.” Strickland, 466 U.S. at 690, 104 S. Ct. at 
2066. Therefore, an allegation of ineffective assistance must be firmly founded 
in the record, and the record must affirmatively demonstrate the alleged 
ineffectiveness. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 
1996), cert. denied, 519 U.S. 1119 (1997).
        Counsel 
correctly concludes that a claim of ineffective assistance would be 
unmeritorious on appeal because appellant cannot show that his trial lawyer’s 
performance was deficient. The record does not reveal trial counsel’s reasons 
for introducing testimony of appellant’s prior involvement with drugs. 
Therefore, appellant cannot overcome the presumption that his trial counsel’s 
assistance was adequate and that counsel’s actions were part of a valid 
strategic plan. See Tong v. State, 25 S.W.3d 707, 714 (Tex. Crim. App. 
2000), cert. denied, 532 U.S. 1053 (2001).
        B.     Appellant’s 
pro se brief
        This 
court provided appellant the opportunity to file a pro se brief, and he has 
filed a brief arguing that (1) his open pleas were not voluntary and (2) the 
trial court abused its discretion in sentencing him to fifteen years’ 
confinement. Because appellant entered open pleas of guilty, he has waived the 
right to appeal any nonjurisdictional defects, other than the validity of his 
pleas, that occurred before entry of the guilty pleas. See Flowers v. State, 
935 S.W.2d 131, 133 (Tex. Crim. App. 1996); Lewis v. State, 911 S.W.2d 1, 
4-5 (Tex. Crim. App. 1995). However, an appellant may appeal error that occurred 
before the guilty plea if the judgment was not rendered independently of the 
error and if the error supports the judgment. See Young v. State, 8 
S.W.3d 656, 666-67 (Tex. Crim. App. 2000). Therefore, our independent review of 
the record for potential grounds for appeal is limited to potential 
jurisdictional defects, the validity of appellant’s pleas, error that affected 
and supported the judgments, and error occurring after the guilty pleas.
        Our 
review of the record reveals no jurisdictional defects. The indictments 
sufficiently conferred jurisdiction on the trial court and provided appellant 
with adequate notice. See Tex. Const. art. V, § 12; Duron v. State, 
956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). The record also reveals that no 
error occurred before the trial court entered the judgments of guilt because the 
trial court based its judgments on appellant’s pleas and his signed judicial 
confessions. See Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 
1980) (op. on reh’g) (“It is well settled that a judicial confession, 
standing alone, is sufficient to sustain a conviction upon a guilty plea.”).
        In 
his first issue on appeal, appellant claims that his guilty pleas were 
involuntary. The record reveals that the trial court properly admonished 
appellant, both orally and in writing, before appellant entered his guilty 
pleas. Appellant contends that he repudiated his pleas by advising his trial 
counsel that he entered guilty pleas “because his counsel said that [he] would 
get probation if [he] pled guilty.” This statement does not appear in the 
record, however, and nothing else in the record supports this claim. Without 
supporting confirmation in the record, an appellant’s contention alone is 
insufficient for a reviewing court to find a plea involuntary. See Franklin 
v. State, 693 S.W.2d 420, 431 (Tex. Crim. App. 1985), cert. denied, 
475 U.S. 1031 (1986). Accordingly, we overrule appellant’s first issue.
        Our 
review of the proceedings after the guilty pleas also yields no reversible 
error. The sentence assessed by the trial court is within the statutorily 
permissible range. See Tex. Penal Code Ann. § 12.33 (Vernon 2003). In his 
second issue, appellant argues that the sentence of fifteen years’ confinement 
is excessive and violates the prohibitions against cruel and unusual punishment 
contained in the United States Constitution, Texas Constitution, and Texas Code 
of Criminal Procedure because appellant had no prior criminal convictions. See 
U.S. Const. amend. VIII; Tex. Const. art. I, § 13; Tex. Code Crim. Proc. Ann. art. 1.09 (Vernon 1977). Because 
appellant did not object to the sentence imposed or otherwise raise the issue of 
cruel and unusual punishment in the trial court, he has not preserved this 
complaint for our review. See Tex. R. App. P. 33.1(a); Curry v. State, 910 
S.W.2d 490, 497 (Tex. Crim. App. 1995). Appellant also failed to preserve his 
complaint that the trial court erred in denying appellant an “evidentiary 
hearing” on his discovery motion, as he neither secured the trial court’s 
ruling on the motion nor objected to the trial court’s refusal to rule. See 
Tex. R. App. P. 33.1(a)(2). We overrule appellant’s 
second issue.
IV. CONCLUSION
        After 
independently reviewing the record, we agree with appellate counsel’s 
determination that any appeal from this case would be frivolous. Accordingly, we 
grant appellate counsel’s motion to withdraw, overrule appellant’s issues, 
and affirm the trial court’s judgments.

  
                                                                           PER 
CURIAM

    
PANEL F:   MCCOY, 
DAUPHINOT, and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: March 4, 2004
 


NOTES
1.  
See Tex. R. App. P. 47.4.